STANLEY PATCH LUMBER CORPORATION, Plaintiff, *v.* EMMA E. BARRY, Defendant.

County Court, Suffolk County, July 6, 1933.

*Leon J. Tepper*, for the plaintiff.

*William H. Westerbeke*, for the defendant.

HAWKINS, J. The plaintiff moves for summary judgment for a balance due for building materials furnished at the request of the defendant's husband. These materials went into the construction of a house being built by the husband on property owned by the wife. The complaint alleges that in purchasing these materials from the plaintiff the husband acted as agent for his wife, the defendant. This allegation is denied. The moving affidavit does not present any facts in support of the allegation of agency, but the plaintiff relies on the amendment of 1930 to section 3 of the Lien Law relating to mechanics' liens, which included the following addition to that section: " Where the contract for an improvement is made with a husband or wife and the property belongs to the other or both, the husband or wife contracting shall also be presumed to be the agent of the other, unless such other having knowledge of the improvement shall, within ten days after learning of the contract, give the contractor written notice of his or her refusal to consent to the improvement." (Laws of 1930, chap. 859.)

The provision thus added is in derogation of the common law and must be strictly construed. The common law has recognized for a long time a liability, taken over from the chancery, based upon unjust enrichment, and has found an obligation implied by the law

where materials have been furnished or services performed with the expectation of compensation by the performer, under circumstances not indicating officious intermeddling, which have resulted in the enrichment of the one for whom the materials or services have been rendered. The furnishing of materials or services under an express contract has, however, always been held to negate an undertaking implied in the law on the part of some one else. A principal, disclosed or undisclosed, has been and is liable on contracts entered into on his behalf by his agent. The reason for this under the common law has been not only a consideration similar in many respects to the doctrine of *quasi* contract that I have mentioned, but also the theory that what one does by another is equivalent to what one does himself. The provision added by the amendment of 1930 creates an agency where one, in fact, need not necessarily have existed, and establishes a liability irrespective of whether the elements required for a *quasi* contractual obligation exist. It is, therefore, in derogation of the common law.

The presumption of agency contemplated by the amendment to section 3 of the Lien Law is limited to the purpose of the section only. It relates only to the creation of the lien. It permits an implied " consent to the improvement." It does not impose an involuntary obligation, or establish an agency, for any other purpose. When the parcel improved is owned by the wife and she sees the improvements going on, her consent is implied to the extent that a lien may be imposed on that particular parcel.

Suppose a wife owns a great deal of property, real and personal, herself, and also owns one parcel with her husband. If this parcel owned by the two of them is improved with her knowledge, she is presumed, under the section, to have consented to the improvement. A lien arises to the extent of the materials and labor going into that improvement. The lien attaches only to that one parcel. If the presumption of agency went beyond this, she could be held liable to the extent of all her other property on a personal judgment in event of a deficiency occurring on foreclosure of the lien on this one parcel. In fact, the Lien Law would not have to be resorted to and judgment could be obtained against her in a personal action under which all her other property would be subjected. I do not believe that the amendment of 1930 to section 3 of the Lien Law was intended to change the law so drastically. Except for implying a consent to the improvement within the purview of that section, agency is still a fact that must be proved.

Motion denied.