Samuel Rabin, J.
This is a motion by the defendant Private Investors Corporation to dismiss the two causes of action pleaded against it for legal insufficiency; also on the ground that there is an existing final judgment determining these two causes of action adversely to the plaintiff and that any claims or demands set forth in these two causes of action have been released. The second cause of action is sought to be dismissed on the further ground that it is barred by the one-year Statute of Limitations provided by the Lien Law.
Private Investors Corporation was the owner of certain real property prior to August 10, 1956. On or about February 23, 1956, it leased it to certain persons referred to as tenants under a lease which obligated them to erect on the property a modern diner with a basement and the paving of part or parts of the property. Between April 4, 1956, and September 13, 1956, the plaintiff, at the specific instance and request of the tenants, furnished labor and materials in connection with the construction of the diner having a reasonable value of $11,675, on account of which only $4,800 was paid. It is the balance of $6,875 which the plaintiff seeks to recover from the moving defendant.
It is alleged in the first cause of action that there was no contract between the plaintiff and the movant requiring the latter to pay the plaintiff for the labor and materials furnished to the tenants but that the movant knew that plaintiff was furnishing this labor and these materials in the expectation that they would be paid for and acquiesced in the performance of these services and the supplying of the materials and benefited from them in that the value of the property was increased; that while the work was in progress the movant conveyed the property to its codefendant Carlton Properties, Inc., for a consideration which included payment for the work and materials theretofore performed and supplied by the plaintiff, and that as a result the movant was unjustly enriched to the detriment of the plaintiff in the sum of $6,875.
*885 In the second cause of action the plaintiff alleges that the deed of the movant conveying the property to Carlton Properties, Inc., contained a covenant that the movant would receive the consideration for the property and apply it to pay for the cost of the improvement before using it for any other purpose; that the movant has received the consideration from Carlton but has made no payments to the plaintiff for the work and materials furnished by it and consequently it is liable to the plaintiff for the unpaid balance of $6,879.
It appears upon the face of both causes of action that the moving defendant did not undertake to pay or to assume payment for any of the work to be performed by the plaintiff, there being no contractual obligation to pay for the same, and that the plaintiff relied solely upon the tenants, with whom it had contracted for the improvement, for payment therefor. Although no express contract by the movant to pay is claimed but rather with the tenants, who alone hired the plaintiff, it is the latter’s position that the movant is, nevertheless, liable to it for the unpaid balance of the reasonable value of the improvement contracted for with the tenants, and this on the basis of quasi contract. The court is unable to agree with this view.
In light of the express contract with the tenants for the improvement, the court cannot perceive how a quasi or constructive contract with the movant may be implied as a substitute for or in addition to the express contract with the tenants so as to render the movant liable for the unpaid balance of the cost of such improvement. (Smith v. Vara, 136 Misc. 500, 502; Stanley Patch Lbr. Corp. v. Barry, 148 Misc. 376.) The fact that it may have benefited from such improvement does not, in the absence of an agreement by it, impose a liability to pay. (Matter of Loomis, 273 N. Y. 76, 82; Callahan v. Railroad Fed. Sav. & Loan Assn., 36 N. Y. S. 2d 550.) As was noted by Mr. Justice Bailey in Maher v. Barra Constr. Corp. (198 N. Y. S. 2d 666, 668): “ Mere knowledge by the owner that the services were being performed and the receipt of the benefits thereof are not sufficient to impose a liability upon the owner if the services were rendered solely pursuant to a contractual obligation with the general contractor.”
In the prior action by the plaintiff to foreclose its mechanic’s lien, the movant had judgment on the pleadings dismissing the complaint against it upon the ground, among others, that the plaintiff was not a third-party beneficiary of any contractual *886 undertaking made by the movant either in the deed of conveyance to Carlton or in the lease to the tenants. (Chingos Constr. Corp. v. Carlton Props., 13 Misc 2d 577, affd. 7 A D 2d 1020.) There the plaintiff argued that the movant was a proper party defendant because its deed of conveyance to Carlton contained the recital required by section 13 of the Lien Law, and Special Term noted (p. 579) “ Such liability can be enforced only in a representative action brought for the benefit of all persons entitled to share in the fund.”
Aside from the fact that this is not a representative action, it is clear that section 13 of the Lien Law requires the grantor to protect the purchaser with respect to any liability upon the part of the grantor in improving the land. The statute was not intended to require the grantor to assume a liability for which it was not previously responsible.
Accordingly, both causes of action are dismissed for legal insufficiency, and the second also on the ground of res judicata. The court is unable to hold that the theory of liability, upon which the first cause of action herein is grounded, was presented or passed upon in the prior action, although the plaintiff argued, at page 7 of its brief to the Appellate Division in that action, that “If it is impractical to foreclose or to decree a judgment of foreclosure, or if there is a liability on the debt, then the court has the right to award the plaintiff a money judgment.” An examination of the complaint in that action, however, does not show that the plaintiff relied upon any theory of unjust enrichment to the movant by reason of the enhancement of the consideration it received due to the improvement when it sold the property to Carlton. Indeed, no personal judgment was sought against the movant except a deficiency judgment in the event that the proceeds of the sale in the foreclosure of the lien proved to be inadequate. In light of the foregoing views, it is unnecessary to consider the remaining facets of the defendant’s motion.