■ HENSKE & SONS, INC., Respondent, v. COLD SPRING HOLDING CORP., Appellant, et al., Defendant.— In an action *inter alia* to recover a balance allegedly owing upon a contract to install a swimming pool and for extras, defendant Cold Spring Holding Corp. appeals from an order of the Supreme Court, Nassau County, dated December 28, 1971, which denied its motion, pursuant to CPLR 3212, for summary judgment. Order reversed, on the law, with $10 costs and disbursements, motion granted and complaint dismissed as against appellant. On November 30, 1969 appellant leased part of its premises to its codefendant for the latter's use thereof as a summer day camp, the leasehold to be in effect only during eight weeks in July and

August in the next three years. The lease provided that the codefendant would have the use of both the indoor and outdoor swimming pools during that time, that it would make all repairs on the pools, that appellant would contribute $2,000 to the cost of repairing the outdoor pool upon completion of repairs, and that any contractor employed to repair the outdoor pool must be approved by appellant in writing. By agreement dated April 11, 1970, the codefendant retained plaintiff to construct an outdoor swimming pool on the property for $17,700. The codefendant paid $7,700 upon commencement of the work and later gave a promissory note in the amount of $5,000 which was deposited for collection by plaintiff and returned marked "insufficient funds". Appellant was not a signatory to this contract; nor did it appear on the note in any capacity. It was not in any way involved in any negotiations which might have taken place. It did, however, procure a building permit for the construction from the Town of Huntington. The pool was completed and the codefendant refused plaintiff's demand for payment. It is stated in an affidavit in opposition to appellant's motion that the codefendant was enjoined by a Supreme Court order from operating its day camp on the premises. By this action plaintiff seeks to recover the $10,000 balance owed under the contract and an additional $1,425 for electrical work done in conjunction with the installation. The complaint alleges four causes of action. The first alleges an express contract between plaintiff and the codefendant. The second seeks to hold both defendants on a theory of implied contract. The third and fourth allege claims only against appellant, the third on the ground of unjust enrichment and the fourth based on an implied contract. Special Term denied appellant's motion on the ground that appellant's act of procuring the building permit could be construed as a consent to the construction and, therefore, created a question of fact. This was error. Assuming that such consent be an accepted fact, its effect is not to create liability on appellant's part to perform the contractual obligation of its tenant. There is no evidence that appellant was involved in the agreement, that it was considered as being involved by either party or that any promise was made on its behalf to plaintiff. That appellant will gain the ultimate benefit of this transaction is of no moment. Without an express assumption, a landlord is not responsible for the debts of his tenant arising out of the tenant's written agreement with a contractor for the improvement of the landlord's property, even though the landlord receives the ultimate benefit (*Chingos Constr. Corp. v. Carlton Props.*, 30 Misc 2d 883; 50 N. Y. Jur., Restitution, § 101; see *Matter of Loomis*, 273 N. Y. 76, 82). Furthermore, plaintiff cannot be said to be a third-party beneficiary of the provision in the lease whereby appellant agreed to bear up to $2,000 of the cost of repairing the outdoor swimming pool, as the agreement to bear this part of the cost cannot be said to have been made for plaintiff's benefit. Martuscello, Latham, Gulotta and Christ, JJ., concur; Munder, Acting P. J., not voting.