OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by nine of the defendants (Shopwell, Inc., Diane Simpson, Seymour Simpson, Rosalyn Rosengarten, Sidney Medoff, Joan Medoff, Mark Medoff, Joseph Bases and Muriel Bases) for an order pursuant to CPLR 3211 (subd [a], pars 1, 7) dismissing the complaint for failure to state a cause of action and attorneys’ fees.
*25 The complaint, in essence, alleges that these named defendants are obligated to pay premiums or the fair and reasonable value of the protection and insurance coverage under a general liability insurance policy, No. GLA 77-61-50 issued by plaintiff for the period December 22, 1979 through December 22, 1980 which policy remained in full force and effect during that period.
The policy was issued by plaintiff to Frico Industries, Inc. (Frico) as the “named insured”. The nine defendants (moving parties) appear as “additional insureds”.
Eight of the moving party defendants were owners of various premises covered by the policy. The other defendant moving party (Shopwell) was the lessee of those premises under leases entered into with the owners of said premises. Shopwell and Frico entered into a “Store Purchase Agreement” dated July 27, 1979, in which Shopwell sold to Frico the fixtures, equipment and leasehold improvements contained in those premises. On that same date Shopwell and Frico entered into a “Sublease” in which Shopwell as sublessor leased to Frico, as subtenant, the afore-mentioned premises, three stores, with a different termination date for each (Dec. 27,1979, Oct. 30,1981 and May 29, 1982). Paragraph “6” (1) of the “Sublease” required Frico, as the subtenant to maintain with respect to the afore-mentioned premises public liability insurance with minimum limits of $l,000,000/$3,000,000 and property damage insurance in minimum limits of $100,000 “(unless greater limits are required by the Underlying Lease in which case such greater limits shall be maintained) insuring the Sublessor, the landlord under the Underlying Lease as well as the Subtenant against bodily injury or death to person, and against damage to property. Subtenant shall deliver a certificate of such insurance to Sublessor (and to the landlord if required by the Underlying Lease) prior to the commencement date of the term of this Sublease”.
Plaintiff in opposing the motion first contends that “there appears to be serious flaws and inaccuracies in the defendants’ moving papers”.
The moving parties bring their motion under two paragraphs of CPLR 3211 (subd [a], pars 1, 7).
*26 Plaintiff contends that the documentary evidence presented under CPLR 3211 (subd [a], par 1) does not rise to the level which would result in a dismissal of the complaint as to the moving parties. The court is of the opinion that the insurance policy itself and the “Store Purchase Agreement” and “Sublease” on their face, without resorting to any affidavits provide on the basis of law alone sufficient to warrant the relief sought.
The court however will deal in addition with the relief sought under CPLR 3211 (subd [a], par 7).
Plaintiff in its attempt to raise an issue of fact advances a theory of principal-agent relationship as the basis for the claimed liability of the nine defendants (nine) and that there must be an exploration — disclosure procedures — to establish facts sufficient to support the agency theory.
It is the court’s opinion that this is a red herring.
It agrees with counsel for the nine when they say: “The Davis Aff. also contorts the landlord-tenant relationship that existed between the nine defendants and defendant Frico and, thus attempts to create an agency relationship between these co-defendants in order to hold the Nine defendants liable for the premium due under the FricoAmbassador Policy. While certainly imaginative, plaintiff has nonetheless failed to provide any meaningful factual or legal basis to support that claim” — and further their statement that: “a fair reading of the Nine Defendants’ moving affidavit, that leases governing that tenancy relationship and the Frico-Ambassador Policy, clearly demonstrate that the only relationship which existed between Frico and the Nine Defendants was that of landlord-tenant, no more no less. That arms’ length relationship, firmly planted in contract law, bound one party and one party alone — defendant Frico — to procure, maintain and pay for the insurance premiums” Frico owed plaintiff. (Northern Assur. Co. v Goelet, 69 App Div 108; and see Henske & Sons v Cold Spring Holding Corp., 39 AD2d 769.)
The provisions in the sublease which required Frico to obtain the insurance policy to insure itself and the sublessor and owners is standard practice. Such practice clearly envisions and is accepted as the financial obligation of the *27 party required to obtain and provide proof that such insurance has been obtained and maintained.
The only question remaining also raised by plaintiff is whether the.court can treat the matter brought pursuant to CPLR 3211 (subd [a], par 7) made prior to issue being joined, as one for summary judgment.
Plaintiff contends that before the court can convert a CPLR 3211 (subd [a], par 7) motion into one for summary judgment it must give notice as provided for in CPLR 3211 (subd [c]). It cites Rovello v Orofino Realty Co. (40 NY2d 633) for that contention.
While this is true as a general statement it is not applicable in a case where the only question to be determined is one of law. The Court of Appeals in Rovello (supra) envisioned such an exception. At page 636 that court said: “In sum, in instances in which a motion to dismiss made under CPLR 3211 (subd [a], par 7), is not converted to a summary judgment motion, affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint, although there may be .instances in which a submission by plaintiff will conclusively establish that he has no cause of action. It seems that after the amendment of 1973 affidavits submitted by the defendant will seldom if ever warrant the relief he seeks unless too the affidavits establish conclusively that plaintiff has no cause of action.” (Emphasis supplied.)
That court restated this proposition more affirmatively in O’Hara v Del Bello (47 NY2d 363) at pages 367 and 368 of its decision.
In the case at bar this court on the law alone rejects the agency theory. (Northern Assur. Co. v Goelet, 69 App Div 108, supra; Henske & Sons v Cold Spring Holding Corp., 39 AD2d 769, supra.) Having so concluded there is nothing more that plaintiff could proffer upon a notice that the court is converting the motion to one for summary judgment.
Motion is granted except as to that portion seeking attorneys’ fees and the clerk is directed to enter judgment *28 dismissing the complaint as to the nine moving defendants.