Bernard Tomson, J.
The plaintiff has brought suit against the defendant corporation, a supplier of fuel oil, for damages sustained to the lawn and shrubbery on his property by reason *287 of defendant’s alleged unauthorized delivery of fuel oil to his home. The claimed damages were apparently sustained because of spillage. Plaintiff’s complaint in its first cause of action alleges a trespass and the unauthorized deposit of fuel oil upon the lawn and shrub beds surrounding plaintiff’s home, and in its second cause of action, alleges negligence on the part of the defendant in delivering the oil. It appears that the defendant corporation had a contract with the former owner of plaintiff’s premises to deliver fuel oil. The defendant claims that he had no notice of cancellation of the contract; that the spillage was caused by the fact that defendant was not aware that plaintiff’s tank contained the amount that it did actually contain; that defendant assumed that the amount of oil he intended to deliver would not have caused an overflow but for the fact that an intervening delivery of oil had taken place between the time he had last delivered oil and the time the delivery complained of took place. Plaintiff has moved for summary judgment.
“Trespass” is defined in Corpus Juris Secundum (vol. 87, § 1) as follows: “ In a general sense any invasion of another’s rights is a trespass. In the law ‘trespass ’ has a well ascertained and fixed meaning, which in its general signification embraces every infraction of a legal right; and so the term * trespass ’ in its broadest sense has been held to mean any misfeasance, transgression, or offense which damages another’s person, health, reputation, or property. ’ ’
In Bomptin Realty Co. v. City of New York (196 Misc. 218, 219-220, revd. on other grounds 276 App. Div. 1094), it was stated: ‘ ‘ The right to have one’s property in its original condition, not changed by the well-meaning, but wrongful, conduct of others, is a property right, the invasion of which gives the right to damages ”.
It is apparent from the facts alleged by plaintiff that the defendant’s conduct in depositing oil on plaintiff’s premises constituted a trespass which is actionable unless the oil delivery was authorized. On defendant’s part the affidavit of its secretary-treasurer admits the delivery complained of and seems to rely on defendant’s authority in making the delivery upon his contract with the former owner and a “ right ” to have been notified that the oil delivery contract was cancelled, if in fact it had been cancelled. The difficulty with such a proposition is that although defendant claims the existence of a contract with the former owner of plaintiff’s premises, he makes no claim of any agreement with plaintiff. Lacking privity between the parties, his claimed “ right ” to a cancellation notice from plaintiff is without substance,
*288 Although plaintiff’s papers in support of his motion do not allege any facts tending to prove that the defendant intended to commit a trespass, it is our view that no such proof is necessary. (Wood v. United Airlines, 32 Misc 2d 955, affd. 16 A D 2d 659, app. dsmd. 11 N Y 2d 1053; Socony-Vacuum Oil Co. v. Bailey, 202 Misc. 364.)
In the Socony-Vacuum case it was stated (pp. 366-367): “ It Avas not necessary, however, that the trespasser intend to commit a trespass or even that he knoAV that his act will constitute a trespass (Wintringham v. Lafoy, 7 Cow. 735 [1827]). The actor may be innocent of moral fault, but there must be an intent to do the very act Avhich results in the immediate damage. In other words, trespass requires an intentional act. (Harper on Torts, [1932 ed.], § 27.) ”
Obviously, the defendant intended to come upon plaintiff’s land and make an oil delivery and did not intend to commit a trespass or intentionally to cast oil upon plaintiff’s land. His innocence and his mistaken belief that his visit was authorized is of no moment since his intent is clearly shown to have been to deliver oil. This unauthorized act, resulting in whatever damages which may have occurred, rendered him liable. The court in Phillips v. Sun Oil Co. (307 N. Y. 328, 331 stated: “ Trespass is an intentional harm at least to this extent: while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfullness (Tonawanda R.R. Co. v. Munger, 5 Denio 255; Rightmire v. Shepard, 59 Hun 620, opinion in 12 N. Y. S. 800; Guille v. Swan, 19 Johns. 381; Mairs v. Manhattan Real Estate Assn., 89 N. Y. 498; New York Steam Co. v. Foundation Co., 195 N. Y. 43, 52; Restatement, Torts, Vol. 1, §§ 158,166). To constitute such a trespass, the act done must be such as 1 will to a substantial certainty result in the entry of the foreign matter ’ (Restatement, Torts, supra, § 158, comment h).”
Plaintiff’s motion for summary judgment on the first cause of action for trespass is granted and the matter is set doAvn for hearing on January 10, 1968 in this part to assess damages. The plaintiff’s motion for summary judgment on the second cause of action sounding in negligence is denied as moot since summary judgment is here granted on the first cause of action.
Defendant’s papers set forth that he is being defended by one attorney on the first cause of action and by another on the second, and affidavits from both attorneys have been sub *289 mitted in opposition to the motion. This practice is unauthorized. A party may appear by only one attorney (Matter of Kitsch v. Riker Oil Co., 23 A D 2d 502). In Matter o.f Kitsch, it was stated (p. 503): “To allow more than one attorney for a party in a single action would play havoc with the established responsibility in respect to professional representation in civil proceedings and in the processes of litigation.” The defendant is directed to designate one attorney to represent it on both causes of action.