Alton J. Wightman, J.
The plaintiff herein, Amiya G-oswami, has commenced separate actions against the H & D Construction Company and the City of Hornell, wherein recovery of money damages is sought against these defendants based upon certain purported acts of trespass and nuisance arising out of the reconstruction of the Florence Street area in the City of Hornell during 1973. It is alleged in the plaintiff’s complaint against H & D Construction Company that on or about June, 1973, this defendant, acting in concert with the defendant 'City of Hornell, illegally entered upon the lands of the plaintiff without consent and did store equipment therebn, removed portions of land, broke and injured personal property and trees, and did thereby cause to the plaintiff irreparable damage. It is further alleged that in consequence of the willful acts of the defendant H & D Construction Company, the actual damages sought by the plaintiff should be trebled pursuant to section 861 of the Real Property Actions and Proceedings Law.
Plaintiff’s action against the City of Hornell alleges that on or about the 1st day of June, 1973, the defendant city illegally entered without permission onto the plaintiff’s lands through its agent, contractors, subcontractors and servants and did perform work on said land and disrupt the property in a series of acts similar to those alleged against the defendant H & D Construction Company. The plaintiff further alleges that these purported acts of the City of Hornell constituted criminal trespass on plaintiff’s lands and constituted a nuisance for which plaintiff is entitled to actual and punitive damages, which should also be trebled.
Subsequent to the commencement of the plaintiff’s actions, the defendant H & D Construction Company commenced a third-party action against the defendant City of Hornell, wherein *101 the defendant and third-party plaintiff H & D Construction Company alleged, that it had contracted with the City of Hornell to construct certain improvements in the city consisting of new streets and roads and, in connection with the work, the defendant city furnished all maps, plans and specifications upon which H & D relied when it entered upon the work performed. It is further alleged that if the plaintiff Goswami recovers against the defendant H & D Construction Company upon the grounds of trespass and nuisance, the third-party defendant City of Hornell is or may be liable over to H & D in whole or in part for any recovery obtained against it. The third-party defendant City of Hornell has moved for judgment pursuant to paragraph 7 of subdivision (a) of CPLR, 3211 dismissing the third-party complaint upon the grounds that it failed to state a cause of action.
When determining the sufficiency of the third-party complaint on a motion to dismiss, the allegations of the original complaint and the third-party complaint must be read together and accepted as true (Robinson v. Binghamton Constr. Co., 277 App. Div. 468). In so viewing the pleadings herein, it is apparent that the theory upon which the plaintiff seeks recovery is the intentional wrongdoing by way of trespass of the defendant H & D Construction Company acting in concert with and upon the consent of the City of Hornell.
It is well established that one who promotes, aids or abets the commission of a trespass may be held equally liable with the actual perpetrator of the trespass (Oatka Cemetery Assn. v. Cazeau, 242 App. Div. 415). Where a trespass is committed upon the rights or property of another, by the advice or direction of a defendant, it is immaterial what contractual or other relation existed between the perpetrator of the act and the person sought to be charged; it being sufficient to establish the defendant’s liability that he advised or directed the act to be committed (Ketcham v. Newman, 141 N. Y. 205). Moreover, where a joint trespass is alleged, the plaintiff may elect to sue all the trespassers jointly, or each of them separately, and each is answerable for the act of all. However, where separate actions are brought for a joint trespass, there may be separate recoveries but there may be but one satisfaction (Livingston v. Bishop, 1 Johns. 290; 61 N. Y. Jur., Trespass, § 27, p. 35-36).
Ordinarily, impleader will not lie in order to secure a contribution among joint tort-feasors since such a right arises after joint judgment has been recovered against both of them and one has paid more than his share (CPLR 1401; Putvin v. *102 Buffalo Elec. Co., 5 N Y 2d 447; 3 Carmody-Wait 2d, New York Practice, p. 344; 21 Carmody-Wait 2d, New York Practice, p. 44). Until the decision in Dole v. Dow Chem. Co. (30 N Y 2d 143) there was no authority to authorize a defendant tort-feasor to implead another defendant claimed to be jointly liable with him, unless the claim over can be based upon an agreement to indemnify or some theory of indemnity based upon the fact the defendant was held for passive negligence, while the person sought to be impleaded was guilty of active negligence. With the advent of the Dow Chem. decision, the distinction in negligence cases between active and passive negligence as a basis for impleading a joint tort-feasor was abolished, with the result that if the plaintiff has not joined all the tort-feasors as parties defendant, any of those sued may implead those not sued by the plaintiff, so that all the joint or concurrent tort-feasors will be before the court and a proper determination made as to their respective degrees of fault (Stein v. Whitehead, 40 A D 2d 89).
Examination of the pleadings now before this court does not reveal an appropriate basis for indemnity upon which impleader of the third-party defendant City of Hornell may be sustained unless it can be said that the rationale of the Dow decision has applicability to the facts presented herein. It is the opinion of this court that the rationale of the Dow Chem. ruling is limited to cases where apportionment of responsibility between negligent joint or concurrent tort-feasors is to be determined. In the instant case the wrongs alleged against the defendants H & D Construction Company and the City of Hornell are of an intentional nature for which each of the defendants is jointly answerable and upon which no legal basis for indemnity against the City of Hornell has been asserted. In consequence thereof, the third-party summons and complaint against the City of Hornell should be dismissed and any right to contribution from the City of Hornell must ;be determined in accordance with CPLR1401 after the plaintiff has established his right to recover against both H c& D Construction Company and the City of Hornell and judgment has been entered thereon.