■ GOLD MECHANICAL CONTRACTORS, INC., et al., Appellants, v LLOYDS BANK P.L.C. et al., Respondents. [602 NYS2d 136] — Order, Supreme Court, New York County (Diane Lebedeff, J.), entered August 24, 1992, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, and denied plaintiffs' request for leave to replead, unanimously affirmed, with costs.

Plaintiff construction contractors' theory that defendant construction lenders are liable for the labor and materials plaintiffs provided at the project since defendants were not creditors of but joint venturers in the project is unviable absent an allegation that defendants agreed to share in the owner's losses *(see, De Vito v Pokoik,* 150 AD2d 331, 331-332). An agreement to distribute the proceeds of an enterprise on a percentage basis, or the sharing of gross returns, does not in and of itself establish a joint venture *(supra,* at 332). Furthermore, the requisite element of control *(see, Mendelson v Feinman,* 143 AD2d 76, 78) is set forth as a bare legal conclusion in the complaint and in the affirmation of plaintiffs' attorney, unsupported by any reference to the voluminous loan documents, and therefore is not entitled to the usual favorable inferences accorded on a motion to dismiss *(see, WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257, 259, *lv denied* 81 NY2d 709). Absent control or the sharing of losses, agreements to give a lender additional revenues, or "equity kickers", upon the occurrence of certain contingencies such as, in this case, the successful conversion to condominium status and subsequent sale of the units, do not, standing alone, subject the lender to liability as a joint venturer *(see, Tuxedo Beach Club Corp. v City Fed. Sav. Bank,* 749 F Supp 635, 646-647;

*Stone & Michaud Ins. v Bank Five for Sav.*, 785 F Supp 1065, 1071-1072; *Resolution Trust Corp. v Wellington Dev. Group*, 761 F Supp 731, 737-738).

Nor, in view of plaintiffs' assertion that this "is a simple breach of contract action", can their claim be premised upon the theory that they were intended third-party beneficiaries of the financing agreement *(see, Bubonia Holding Corp. v Jeckel*, 189 AD2d 957, 958). Claims purportedly grounded in quantum meruit *(see, Bauman Assocs. v H & M Intl. Transp.*, 171 AD2d 479, 484), civil conspiracy *(see, Walters v Pennon Assocs.*, 188 AD2d 596), or other tort theories are likewise without merit. Leave to replead was properly denied since plaintiffs failed to establish that they would be able to state a viable cause of action *(see, e.g., Mehlman v Gold*, 183 AD2d 634). Concur—Carro, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.