OPINION OF THE COURT
Mary M. Werner, J.
This motion by defendants Fermenta ASC Corporation and *290 SDS Biotech Corporation (Fermenta) for an order pursuant to CPLR 3211 dismissing all counts of the complaint of the Suffolk County Water Authority (SCWA), or in the alternative, an order pursuant to CPLR 3024 requiring Suffolk County Water Authority to clearly set forth its first, second and third causes of action and to specifically set forth the special damages it has suffered is granted in part and denied in part as set forth below.
BACKGROUND
The factual background of this case was set forth in detail in this court’s January 4, 1994 memorandum decision which is reported at State of New York v Fermenta ASC Corp. (160 Misc 2d 187 [Sup Ct, Suffolk County 1994]). Since that decision was rendered, the Suffolk County Water Authority was granted leave to intervene by short form order dated March 31, 1994. As stated above, Fermenta now seeks to dismiss SCWA’s complaint.
DISCUSSION
"Upon a motion to dismiss, the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail * * * Furthermore, upon a motion to dismiss for failure to state a cause of action, a pleading must be given the benefit of every possible favorable inference to be drawn, and every fact alleged must be assumed to be true” (Maurillo v Park Slope U-Haul, 194 AD2d 142, 145 [2d Dept 1993] [citations omitted]; see also, Weiss v Cuddy & Feder, 200 AD2d 665 [2d Dept 1994]).
Applying this standard the court finds that SCWA has stated a cause of action for a public and private nuisance and therefore denies that part of Fermenta’s motion seeking to dismiss SCWA’s first, second and third causes of action. However, since SCWA has failed to state a cause of action with respect to the causes of action sounding in nuisance per se and trespass, the fourth and fifth causes of action are dismissed.
PUBLIC NUISANCE
For a first and third cause of action SCWA claims that defendants’ conduct constitutes a public nuisance. Fermenta *291 seeks dismissal arguing first that SCWA is not an appropriate party to bring a public nuisance action as it is not acting as an agent of the State and second that SCWA has failed to allege special damages. These arguments are without merit.
The Suffolk County Water Authority is a public benefit corporation (Public Authorities Law § 1077 [1]). SCWA’s enabling legislation further provides: "It is hereby determined and declared that the authority and the carrying out of its powers, purposes and duties are in all respects for the benefit of the people of the county of Suffolk and the state of New York, for the improvement of their health, welfare and prosperity and that the said purposes are public purposes and that the authority is and will be performing an essential governmental function in the exercise of the powers conferred upon it by this title” (Public Authorities Law § 1077 [3]).
Fermenta argues that SCWA’s allegations that its wells have been contaminated and therefore taken out of service relate solely to SCWA’s business activities. However, SCWA, in its complaint, specifically alleges that the acts of Fermenta have made the water supplying its wells unfit for human consumption. In seeking to protect the integrity of the water supply, SCWA is acting in its sovereign capacity, and, as stated by Justice Doyle, is not acting "merely as the proprietor of a few wells” (Suffolk County Water Auth. v Union Carbide Corp., NYLJ, May 2, 1991, at 28, cols 1, 2).
That SCWA has already taken steps to protect the public from the alleged contamination by closing the wells does not preclude SCWA from commencing an action in public nuisance, and Fermenta cites no authority otherwise. Whether SCWA can prevail on its cause of action for public nuisance, of course, is a question of fact which will be determined at the trial of this action.
Fermenta makes the further argument that SCWA has failed to allege special damages. Since the court has already found that SCWA is functioning in its governmental capacity in bringing this suit, allegations of special damages are not necessary. However, even if SCWA were acting in a private capacity and therefore required to show special damages (Leo v General Elec. Co., 145 AD2d 291 [2d Dept 1989]), the court finds that the complaint adequately alleges such special damages.
More specifically, the complaint alleges, inter alla, that various wells belonging to SCWA have been contaminated, *292 and that well number 6 has been taken out of service. Assuming such damage to SCWA is true, which the court must do, then SCWA has sufficiently alleged special damages. "Special damages” in an action for public nuisance brought by a private person must be " 'of a different kind from that suffered by other persons exercising the same public right’ ” (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 334 [1983]). "Allegations of pecuniary injury may be sufficient to satisfy the peculiar injury test * * * so long as the injuries involved are not common to the entire community exercising the same public right” (Leo v General Elec. Co., supra, at 294). The court finds that the necessity of closing wells and obtaining alternate sources of water is a different kind of damage than that suffered by others drawing water on Long Island. Therefore SCWA has sufficiently alleged special damages to sustain its public nuisance causes of action.
PRIVATE NUISANCE
For a second cause of action SCWA alleges that the conduct of Fermenta constitutes a private nuisance and that Fermenta is strictly liable for abatement of such nuisance pursuant to RPAPL 841.
In order to succeed in an action to recover for a private nuisance, a plaintiff must show that defendant’s invasion is "(1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities” (Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 569 [1977]). In addition, a private nuisance threatens one person or a relatively few (supra).
In its complaint, SCWA alleges that the contamination of its property and water is "intentional, unreasonable, negligent or reckless, or actionable under the rules governing liability for abnormally dangerous conditions or activities”.
The requisite elements of intent or recklessness are set forth as "bare legal conclusion[s] in the complaint” and are unsupported by any factual allegations and they are "therefore * * * not entitled to the usual favorable inferences accorded on a motion to dismiss” (Gold Mech. Contrs. v Lloyds Bank P.L.C., 197 AD2d 384 [1st Dept 1993]; see also, WFB Telecommunications v NYNEX Corp., 188 AD2d 257 [1st Dept 1992]; Vella v United Cerebral Palsy, 141 Misc 2d 976 [Sup Ct, NY County 1988]).
*293 However, this court has already held in its January 4, 1994 decision that factual questions exist as to whether Fermenta has engaged in an abnormally dangerous activity (State of New York v Fermenta ASC Corp., 160 Misc 2d 187, 198, supra). Even if not artfully pleaded, the allegations set forth in the complaint sufficiently state a cause of action to survive this motion, and therefore SCWA will be allowed to attempt to prove that Fermenta is strictly liable under RPAPL 841 for the creation of a private nuisance through an abnormally dangerous activity.
TRESPASS
For a fourth cause of action, SCWA alleges that Fermenta’s conduct constitutes unlawful trespass and seeks an injunction prohibiting Fermenta from maintaining the unlawful trespass and a mandatory injunction requiring Fermenta to provide point-of-use treatment for all of SCWA’s wells contaminated with Dacthal or its breakdown products. A trespass is any infringement of a property right of another. The right to have one’s property unchanged " 'by the well-meaning, but wrongful, conduct of others, is a property right, the invasion of which gives the right to damages’ ” (Serota v M. & M. Utils., 55 Misc 2d 286, 287 [Nassau Dist Ct 1967]; Suffolk County Water Auth. v Union Carbide Corp., supra).
" '[W]hile the trespasser, to be liable, need not intend or expect the damaging consequences of his intrusion, he [or she] must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he [or she] willfully does, or which he [or she] does negligently as to amount to willfulness’ ” (Ivancic v Olmstead, 66 NY2d 349, 352 [1985], cert denied 476 US 1117 [1986], quoting Phillips v Sun Oil Co., 307 NY 328, 331 [1954]).
Fermenta concedes that control by the defendant over the offending product is not a prerequisite to liability for damages or injury due to trespass or nuisance (Suffolk County Water Auth. v Union Carbide Corp., NYLJ, May 2, 1991, at 28, col 1, supra; State of New York v Fermenta ASC Corp., supra). However, Fermenta is incorrect when it states that where the defendant did not exercise actual control, it must be shown that the defendant "directed or forced” another person to exercise control. Rather the case law in New York is that " '[w]here a trespass is committed upon the rights of another, *294 one who advised or directed the act to be committed may be held equally liable with the actual perpetrator of the trespass’ ” (Suffolk County Water Auth. v Union Carbide Corp., supra, at col 3, quoting Goswami v H & D Constr. Co., 78 Misc 2d 99, 101 [Sup Ct, Steuben County 1974] [emphasis added]).
Justice Doyle then found in Suffolk County Water Auth. v Union Carbide Corp. (supra) that allegations that defendants willfully invaded plaintiff’s property right by their direction and instructions to the farmers to apply Temik to the soil, the inevitable consequence of which was the dissemination of aldicarb and its metabolites into plaintiff’s water supply, to be sufficient to sustain a cause of action in trespass.
Fermenta disagrees with Justice Doyle and cites, inter alla, City of Bloomington v Westinghouse Elec. Corp. (891 F2d 611, 615 [7th Cir 1989]) in support for its position that the decision of Justice Doyle is contrary to the Restatement and established legal authority. Since this court is certainly not bound by a Federal court in Indiana applying Indiana law, the significance of this citation is limited. In any event, in City of Bloomington, the court declined to impose liability on a manufacturer who sold PCB’s to Westinghouse who then disposed of said PCB’s on city property, stating (at 615), "[w]hen Monsanto sold the PCBs to Westinghouse, Monsanto did not know that Westinghouse would deposit harmful waste on City property, and Monsanto certainly did not command, request, or coerce Westinghouse into doing so.” In contrast, when Fermenta manufactured Dacthal and distributed it in Suffolk County, it certainly knew that it would be deposited on the soil in Suffolk County. Moreover, unlike City of Bloomington, Fermenta offered Dacthal for sale in Suffolk County for the express purpose of applying it to the soil.
While the complaint alleges that the marketing of Dacthal in Suffolk County by Fermenta and its ordinary use in Suffolk County by defendants’ users has resulted in the contamination of groundwater in Suffolk County, unlike the complaint in Suffolk County Water Auth. v Union Carbide Corp. (supra), it makes no specific allegations that Fermenta instructed users by its label to apply Dacthal to the soil. The court will not extend the holding of Justice Doyle to find that allegations of the marketing and ordinary use of a pesticide by a manufacturer’s customers is sufficient to sustain a cause of action in trespass. Since there is no allegation that Fermenta advised or directed users to apply Dacthal to the soil, the *295 fourth cause of action is dismissed with leave to replead, if SCW A be so advised.
The court notes that it disagrees with Fermenta that such a claim is preempted. In State of New York v Fermenta ASC Corp. (supra) this court gave a summary of preemption and its applicability to the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) (7 USC § 136 et seq.) and this litigation. Again, the court notes that preemption is not favored by the courts. This is particularly true where, as here, the law said to be preempted is within the State’s traditional police powers (Rogers v Consolidated Rail Corp., 948 F2d 858 [2d Cir 1991]; see also, Motor Vehicle Mfrs. Assn. v Abrams, 899 F2d 1315, 1319 [2d Cir 1990], cert denied 499 US 912; Matter of Tap Elec. Contr. Serv. v Hartnett, 76 NY2d 164 [1990]; Planned Consumer Mktg. v Coats & Clark, 127 AD2d 355 [1st Dept 1987], affd 71 NY2d 442 [1988]). There are several ways for preemption to occur. The first is expressly, the second is by implication and the third is if State law conflicts with Federal law (State of New York v Fermenta ASC Corp., 160 Misc 2d 187, 198-199, supra, quoting Motor Vehicle Mfrs. Assn. v Abrams, 899 F2d, supra, at 1318).
This court has already found that common-law negligence actions are not preempted by FIFRA either expressly or by implication (State of New York v Fermenta ASC Corp., supra, at 199, citing Little v Dow Chem. Co., 148 Misc 2d 11 [Sup Ct, Erie County 1990]).
This court also found that the State’s nuisance actions were not preempted and distinguished such negligence actions from failure to warn cases which claim an inadequate label. While here, the label is involved, there is again no claim of an inadequate label or a failure to warn. Rather the label and the packaging are simply the mechanism by which users were instructed to apply Dacthal to the soil.
NUISANCE PER SE
SCWA’s fifth cause of action alleging that Fermenta is liable for a per se nuisance because they have caused or contributed to a condition that is in contravention of ECL 17-0501 and 17-0301 is dismissed for the reasons set forth in this court’s decision dated January 4, 1994 (supra, at 196-197).
That part of Fermenta’s motion seeking an order requiring SCW A to clearly set forth its first, second and third causes of action and to specifically set forth its special damages is *296 denied. As stated above, SCWA has sufficiently alleged special damages. In addition, a review of the complaint reveals that the complaint is not so vague that Fermenta cannot reasonably be required to frame a response (CPLR 3024 [a]).
CONCLUSION
In sum, Fermenta’s motion is granted to the extent that the fourth and fifth causes of action are dismissed and is in all other respects denied. SCWA is granted leave to replead the fourth cause of action provided such pleading is served no later than August 23, 1994.