■ OUTRIGGER CONSTRUCTION COMPANY, INC., Appellant, v NOSTRAND AVENUE DEVELOPMENT CORPORATION et al., Defendants, and BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent. (And a Third-Party Action.) [630 NYS2d 332] —In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Garry, J.), dated February 28, 1994, which granted the motion of the defendant Bank Leumi Trust Company of New York for partial summary judgment declaring the mechanic's lien to be null and void and dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, Outrigger Construction Company, Inc., commenced this action to foreclose a mechanic's lien on real property owned by Nostrand Avenue Development Corporation (hereinafter Nostrand) and on which the defendant Bank Leumi Trust Company of New York (hereinafter Bank Leumi) held a mortgage. The plaintiff had performed construction work on the property for Nostrand. However, Nostrand failed to fully pay the plaintiff for its labor and materials.

On October 26, 1990, the plaintiff filed a notice of a mechanic's lien in the amount of $68,480.46 on the real property in question. On November 21, 1990, the plaintiff served a notice of the lien on Nostrand in compliance with Lien Law § 11. On November 26, 1990, the plaintiff and Nostrand entered into a stipulation in which they agreed that the mechanic's lien would be discharged by the filing of a bond in the amount of $68,480.46. The plaintiff, however, did not file proof of service of the notice of the lien with the Kings County Clerk within 35 days after the filing of the notice of the lien as required by Lien Law § 11. The plaintiff contends that the stipulation be-

tween it and Nostrand, which was made within the 35-day period, obviates the need for filing proof of service of the notice of the mechanic's lien pursuant to Lien Law § 11.

The Supreme Court properly declared the mechanic's lien null and void and properly dismissed the complaint insofar as it is asserted against Bank Leumi. The plaintiff failed to file proof of service of the notice of the lien as required by the clear and unambiguous language of Lien Law § 11 (see, Matter of Podolsky v Narnoc Corp., 196 AD2d 593, 594-595). The "invalidation of the lien where proof of service is not filed is mandatory leaving no discretion in the court" (Matter of Northport Marina, 146 Bankr 60, 62 [ED NY]; Matter of Connecticut St. Dev. Corp. v Garber Bldg. Supplies, 216 AD2d 561).

Further, the plaintiff cannot avoid the requirement of filing proof of service of the notice of the lien merely because the lien was discharged by the filing of a surety bond. The posting of a surety bond merely shifts the lien from its original adherence and attaches it to the substituted bond (see, Tri-City Elec. Co. v People, 96 AD2d 146, 150, affd 63 NY2d 969). To justify payment of the lien out of the bond, a valid lien must first be perfected. The filing of the bond, by itself, does not establish the validity or timely filing of the lien (see, Tri-City Elec. Co. v People, supra, at 150).

We find the plaintiff's remaining contentions to be without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.