■ OUTRIGGER CONSTRUCTION COMPANY, INC., Respondent, v BANK LEUMI TRUST COMPANY OF NEW YORK et al., Appellants. [658 NYS2d 394] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garry J.), dated June 19, 1996, as denied those

branches of their motion which were for summary judgment dismissing the first, second, and fourth causes of action in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment dismissing the first, second, and fourth causes of action in the complaint are granted, and those causes of action in the complaint are dismissed.

The plaintiff entered into a contract with Nostrand Avenue Development Corp. (hereinafter Nostrand) in connection with the construction of a building on property owned by Nostrand. Based on Nostrand's alleged failure to make all of the payments required under the contract, the plaintiff commenced this action against the defendant Bank Leumi Trust Company of New York, which provided a construction loan to Nostrand, and against EOR Forty-Three of New York, Inc. (hereinafter EOR), the subsequent owner of the property. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted only that branch of the motion which was to dismiss the third cause of action.

We agree with the Supreme Court that the plaintiff's action was not barred by the doctrine of res judicata. The dismissal of the plaintiff's prior action, which was to foreclose on a mechanic's lien on the subject property *(see, Outrigger Constr. Co. v Nostrand Ave. Dev. Corp.,* 217 AD2d 689), was not an adjudication on the merits *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). However, we conclude that the defendants established their entitlement to summary judgment dismissing the remaining causes of action in the complaint on other grounds.

The plaintiff failed to demonstrate that it has a viable breach of contract cause of action against the defendant bank. The written construction contract was solely between the plaintiff and Nostrand, and the plaintiff may not assert a contractual cause of action against a party with whom it was not in privity *(see, Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028). Although the plaintiff contended that the construction project constituted a joint venture between Nostrand and the bank, it failed to present proof sufficient to raise a triable issue of fact as to this claim *(see, Zuckerman v City of New York,* 49 NY2d 557). The record is devoid of proof in evidentiary form that the bank entered into an agreement with Nostrand whereby the bank agreed to assume any losses on the project, an essential element of a joint venture *(see, Gold Mech. Contrs.*

*v Lloyds Bank P.L.C.,* 197 AD2d 384; *De Vito v Pokoik,* 150 AD2d 331).

In addition, the plaintiff failed to demonstrate the existence of an oral contract with the bank regarding work it allegedly performed "above and beyond" the terms of its written contract with Nostrand. The plaintiff's allegation that the bank requested it to continue working on the project based on an "agreed price and reasonable value", even if undisputed, is too vague and uncertain to constitute an enforceable contract *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105).

The plaintiff may not recover against the bank and EOR for its improvements to the subject property on the theory of unjust enrichment. To recover under a theory of quasi contract, the plaintiff must be able to prove that performance was rendered for the defendants resulting in their unjust enrichment. It is not enough to show that the defendants consented to the improvements or received a benefit from the plaintiff's activities *(see, Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.,* 183 AD2d 758; *Kagan v K-Tel Entertainment,* 172 AD2d 375). Since the plaintiff only contracted with Nostrand, and there was no proof in the record that the defendants assumed an obligation to pay the plaintiff, the cause of action based on unjust enrichment should have been dismissed. O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.