(November 10, 1997)

■ AMANA ELEVATION CORP., Respondent-Appellant, v YDROHOOS-AQUARIUS, INC., et al., Defendants, and ANTHONY DOGANIS, Appellant-Respondent. [664 NYS2d 88] —In an action, *inter alia*, to recover damages for breach of contract, (1) the defendant Anthony Doganis appeals, as limited by his brief, from so much of a decision of the Supreme Court, Queens County (LeVine, J.), dated June 11, 1996, as, after a nonjury trial, awarded the plaintiff the principal sum of $57,500 on the second cause of action against him sounding in unjust enrichment, and so much of a judgment of the same court, entered August 22, 1996, as was entered upon that portion of the decision, and (2) the plaintiff Amana Elevation Corp. cross-appeals, as limited by its brief, from so much of the same decision and judgment as denied prejudgment interest to the plaintiff against Doganis on that cause of action.

Ordered that the appeal and cross appeal from the decision are dismissed, as no appeal or cross appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the words "does recover of the defendants, Anthony Doganis and Ydrohoos-Aquarius, Inc., and each of them jointly and severally, the sum of $57,500" are deleted from the first decretal paragraph and the phrase "does recover of the defendant Ydrohoos-Aquarius, Inc., the sum of $57,500" is substituted therefor, and the plaintiff's second cause of action against the defendant Anthony Doganis is dismissed; and it is further,

Ordered that the cross appeal from the judgment is dismissed as academic; and it is further,

Ordered that the defendant Anthony Doganis is awarded one bill of costs.

The plaintiff entered into a contract with the defendant Ydrohoos-Aquarius, Inc. (hereinafter Ydrohoos), for the performance of renovation work on premises owned by the defendant Anthony Doganis and leased by Ydrohoos. The plaintiff performed some of the work, but Ydrohoos never paid it, claiming that the work was not performed satisfactorily. The plaintiff filed a mechanic's lien on the premises, and thereafter commenced this action against, among others, the landlord Doganis, seeking recovery for the goods and services that the plaintiff provided on the premises.

After a nonjury trial, the court concluded, *inter alia*, that

since the landlord Doganis "received benefit from the work, labor, services and materials" provided by the plaintiff, the plaintiff was entitled to judgment against Doganis on the cause of action sounding in unjust enrichment. We disagree.

It is well settled that in order to recover under a theory of quasi contract, a plaintiff must be able to prove that performance was rendered for the defendant, resulting in unjust enrichment. It is not sufficient to show that the defendant consented to the improvements provided by the plaintiff or received a benefit from the plaintiff's activities (see, *Outrigger Constr. Co. v Bank Leumi Trust Co.*, 240 AD2d 382; *Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.*, 183 AD2d 758; *Kagan v K-Tel Entertainment*, 172 AD2d 375; *Henske & Sons v Cold Spring Holding Corp.*, 39 AD2d 769; *Ellis Chingos Constr. Corp. v Carlton Props.*, 30 Misc 2d 883). Inasmuch as the plaintiff contracted only with Ydrohoos, and there was no proof in the record that the landlord Doganis assumed an obligation to pay for the goods and services provided by the plaintiff, the cause of action against Doganis based on unjust enrichment should have been dismissed.

Finally, as the cross appeal involves the issue of the date from which interest should run on the damages awarded on the unjust enrichment claim against Doganis, it is dismissed as academic because we have dismissed the complaint insofar as it is asserted against Doganis. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.