■ HAMPTON LIVING, INC., Doing Business as GOODMAN DESIGN, et al., Appellants, v CARLTUN ON THE PARK, LTD., et al., Defendants, and COUNTY OF NASSAU, Respondent. [729 NYS2d 773] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered November 19, 1999, which granted the motion of the defendant County of Nassau for summary judgment dismissing the eighth and ninth causes of action.

Ordered that the order is affirmed, with costs.

The defendant Carltun on the Park, Ltd. (hereinafter Carltun), acquired the right to operate a catering hall owned by the defendant County of Nassau (hereinafter the County) through a lease. Carltun subsequently contracted with the plaintiffs for renovations to the catering hall. The plaintiffs completed the work, but Carltun refused to pay the amounts due under the contract. The plaintiffs then commenced this action against Carltun and the County, seeking to recover from the County for breach of contract and unjust enrichment.

The Supreme Court correctly granted the County's motion for summary judgment dismissing the eighth and ninth causes of action. The County's submissions were sufficient to demonstrate its prima facie entitlement to judgment as a matter of law, shifting the burden to the plaintiffs to demonstrate the ex-

istence of triable issues of fact (*see, Kracker v Spartan Chem. Co.,* 183 AD2d 810, 811). The plaintiffs' contention that the motion was premature is without merit, as their mere speculation that further discovery would reveal facts supporting their causes of action was insufficient to postpone determination of the motion (*see, Romeo v City of New York,* 261 AD2d 379). The record establishes that the plaintiffs contracted solely with Carltun, and they may not assert a contractual cause of action against the County absent privity (*see, Outrigger Constr. Co. v Bank Leumi Trust Co.,* 240 AD2d 372, 373).

Although the plaintiffs contended that Carltun contracted with them as an agent of the County, they failed to present proof sufficient to raise a triable issue of fact as to this claim (*see, Zuckerman v City of New York,* 49 NY2d 557). The facts alleged by the plaintiffs were insufficient to demonstrate the possibility of a principal-agent relationship. The lease itself did not create an agency, and there was no action by the County sufficient to create an agency by conduct (*cf., Standard Bldrs. Supplies v Gush,* 206 AD2d 720; *Maurillo v Park Slope U-Haul,* 194 AD2d 142).

Nor can the plaintiffs recover from the County under a theory of unjust enrichment. The mere fact that the County consented to the improvements and received some benefit from the plaintiffs' activities is insufficient for recovery under quasi-contract principles; the plaintiffs must also show that their performance was rendered to the County (*see, Outrigger Constr. Co. v Bank Leumi Trust Co., supra; Amana Elevation Corp. v Ydrohoos-Aquarius, Inc.,* 244 AD2d 371, 372; *Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.,* 183 AD2d 758). Since the plaintiffs only contracted with Carltun, and there was no proof in the record that the County assumed an obligation to pay the plaintiffs, the Supreme Court properly dismissed the cause of action to recover damages for unjust enrichment (*see, Outrigger Constr. Co. v Bank Leumi Trust Co., supra*). O'Brien, J. P., Krausman, Goldstein and Smith, JJ., concur.