■ YELLOWSTONE INDUSTRIES, INC., Respondent, v VINCO MARINE MANAGEMENT, INC., et al., Defendants, and CITY OF NEW YORK, et al., Appellants. [762 NYS2d 496] —In an action, inter alia, to recover damages for unjust enrichment, the defendants City of New York and New York City Department of Parks and Recreation appeal from an order of the Supreme Court, Queens County (Flug, J.), dated April 12, 2002, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants demonstrated their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact regarding the cause of ac-

tion asserted against the appellants to recover damages for unjust enrichment. The mere fact that the appellants consented to the improvements and received some benefit from the plaintiff's activities is insufficient to recover on such a theory; the plaintiff must also show that it was working for the appellants when it performed its work resulting in unjust enrichment (*see Hampton Living v Carltun on the Park*, 286 AD2d 664 [2001]; *Amana Elevation Corp. v Ydrohoos-Aquarius, Inc.*, 244 AD2d 371 [1997]; *Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y.*, 240 AD2d 382 [1997]). The plaintiff contracted only with the defendant Vinco Marine Management, Inc. Additionally, there was no evidence that the appellants assumed an obligation to pay the plaintiff (*see Amana Elevation Corp. v Ydrohoos-Aquarius, Inc., supra; Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y., supra*).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment.

The plaintiff's remaining contention is without merit. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.