■ Sears Ready Mix, Ltd., Appellant, v Lighthouse Marina, Inc., et al., Respondents, et al., Defendant. [6 NYS3d 602]—

In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 19, 2013, which granted the motion of the defendants Lighthouse Marina, Inc., Larry's Lighthouse Marina, Inc., and Pierro-Galasso, Inc., formerly known as DeMarco-Galasso, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"[A] property owner who contracts with a general contractor does not become liable to a subcontractor on a quasi contract theory unless it expressly consents to pay for the subcontractor's performance" (*Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 551 [1989]). "The mere fact that the [owners] consented to the improvements and received some benefit from the [subcontractor's] activities is insufficient to recover on such a theory; the [subcontractor] must also show that it was working for the [owners] when it performed its work resulting in unjust enrichment" (*Yellowstone Indus. v Vinco Mar. Mgt.*, 305 AD2d 587, 588 [2003]). Here, the defendants Lighthouse Marina, Inc., Larry's Lighthouse Marina, Inc., and Pierro-Galasso, Inc., formerly known as DeMarco-Galasso, Inc. (hereinafter collectively the owners), demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that, at the time the plaintiff performed the subject work, the plaintiff was not working for them, and instead was working as a subcontractor for the defendant V.M.A. Concrete Construction, Inc., a contractor hired by the owners to install, among other things, the concrete foundation for a boat storage building (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Yellowstone Indus. v Vinco Mar. Mgt.*, 305 AD2d at 588). In opposition, the evidence submitted by the plaintiff failed to raise a triable issue of fact as to whether it was working for the owners when it performed its work (*see Yellowstone Indus. v Vinco Mar. Mgt.*, 305 AD2d at 588; *see generally Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770, 772 [2013]; *cf. Westinghouse Elec. Supply Co. v Brosseau & Co.*, 156 AD2d 851, 853 [1989]). Moreover, the plaintiff failed to show that the motion should have been denied as premature (*see* CPLR 3212 [f]; *1375 Equities Corp. v Buildgreen Solutions, LLC*, 120 AD3d 783, 784 [2014]).

The plaintiff's remaining contentions are unpreserved for appellate review and, in any event, without merit.

Accordingly, the Supreme Court properly granted the owners' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.