■ J.P. Plumbing Corp., Appellant, v Born to Build Construction Corp. et al., Defendants, and 1141 Realty, LLC, Respondent. [27 NYS3d 203]—

In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated April 30, 2015, which, upon a decision of the same court dated July 2, 2014, made after a nonjury trial, is in favor of the defendant 1141 Realty, LLC, and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

In 2009 the plaintiff was hired by the defendant Born to Build Construction Corp. (hereinafter Born to Build) to perform plumbing work at premises located at 1141 Broadway in Manhattan. The plaintiff subsequently commenced this action, inter alia, to recover damages for unjust enrichment against Born to Build, the principal of Born to Build, the defendant Karim Bentaleb, and the defendant 1141 Realty, LLC (hereinafter 1141 Realty). While the action was pending, Born to Build and Bentaleb filed for bankruptcy, and after they received their discharges in bankruptcy the plaintiff chose to proceed to trial solely against 1141 Realty.

After a nonjury trial, the Supreme Court issued a decision finding, among other things, that the plaintiff failed to demonstrate the existence of a relationship between itself and 1141 Realty sufficient to have caused reliance or inducement. Based on its findings, the court concluded that 1141 Realty assumed no obligation to pay for the work done by the plaintiff, and rendered its verdict in favor of 1141 Realty. The court subsequently entered judgment dismissing the complaint. The plaintiff appeals from the judgment.

In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this

Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Ning Xiang Liu v Al Ming Chen*, 133 AD3d 644 [2015]; *Johnson v Robertson*, 131 AD3d 670, 671 [2015]; *Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage*, 131 AD3d 507, 507 [2015]).

To recover for unjust enrichment, a plaintiff must show that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *UETA Latinamerica, Inc. v Zafir*, 129 AD3d 704, 705-706 [2015]). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 182, citing *Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007]).

Here, the Supreme Court determined that, although the plaintiff established that it had performed the subject work and that it was owed $69,000, it failed to demonstrate the existence of any relationship between it and 1141 Realty. We agree. There was no evidence at trial to support a contention that 1141 Realty took any action to induce the plaintiff to believe that it would pay the plaintiff for its services. All business transactions were conducted solely between Born to Build and the plaintiff. There can be no enrichment that is unjust where there is no relationship that causes reliance or inducement (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 517 [2012]; *Sears Ready Mix, Ltd. v Lighthouse Mar., Inc.*, 127 AD3d 845, 846 [2015]). The plaintiff provided no evidence in this regard.

The plaintiff's remaining contentions are either not properly before us or without merit.

Accordingly, the Supreme Court properly awarded judgment in favor of 1141 Realty dismissing the complaint. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.