ABC Electric Corp., Respondent,
against
Phase Mechanical, Inc., Phase Construction Services, Inc., Holiday Inn Express, International Hotels Group, PLC, Also Known as IHG, Salvatore J. La Barca, and Chastity Silva, Appellants, et al., Defendants.




Rex Whitehorn & Associates, P.C., (Rex Whitehorn of counsel), for appellant.
Mark A. Billhimer, for respondent.

Appeal from an order of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), entered June 8, 2016. The order (1) granted the branch of plaintiff's motion seeking summary judgment against defendants Phase Mechanical, Inc. and Salvatore J. La Barca and awarded plaintiff the sum of $8,589.68 plus interest, costs and disbursements, and attorney's fees not to exceed $5,945, the amount of which was to be determined at the trial against the remaining defendants, as against them, and (2) granted the branch of plaintiff's motion seeking summary judgment against defendant Holiday Inn Express and awarded plaintiff the sum of $8,589.68 plus interest, costs and disbursements as against it.




ORDERED that so much of the appeal as was taken by defendants Phase Construction Services, Inc., International Hotels Group, PLC, also known as IHG, and Chastity Silva is dismissed, as they are not aggrieved by the order (see CPLR 5511); and it is further,
ORDERED that the order is modified by deleting the provision thereof granting the branch of plaintiff's motion seeking summary judgment against defendant Holiday Inn Express and awarding plaintiff the sum of $8,589.68 plus interest, costs and disbursements as against it [*2]and substituting therefor a provision denying that branch of plaintiff's motion; as so modified, the order is affirmed, without costs.
Phase Mechanical, Inc. (Phase Mechanical) executed an open credit agreement with plaintiff, which included a personal continuing guaranty by Salvatore J. La Barca. The open credit agreement and personal continuing guaranty included a provision for attorney's fees which plaintiff may incur to collect payment of any unpaid amounts due thereunder. Phase Mechanical subsequently hired plaintiff to repair and install a gas booster pump at a Holiday Inn Express, located at 126 Water Street, New York, NY. After completing the work, plaintiff did not receive payment therefor and commenced this action to recover damages in the principal sum of $8,589.68 against, among others, Phase Mechanical, for breach of contract and upon an account stated, and against Salvatore J. La Barca upon his personal guaranty. Plaintiff also asserted a cause of action against Holiday Inn Express for unjust enrichment. Plaintiff moved for summary judgment. In support thereof, plaintiff's president, Atys Papageorge, asserted in an affidavit that his company had been hired by Phase Mechanical to repair and install a gas booster pump at a Holiday Inn Express. Plaintiff required Phase Mechanical to execute an open-ended credit account agreement wherein Phase Mechanical agreed to be responsible for all open accounts and that it would pay for legal fees incurred to collect any unpaid portion of its account. He asserted further that Salvatore J. La Barca had executed a continuing personal guaranty of payment of Phase Mechanical's obligation, including attorney's fees. In opposition to the motion, defendants submitted only their attorney's affirmation, which was not based upon personal knowledge of the facts. The District Court granted plaintiff summary judgment against Phase Mechanical, for breach of contract and upon an account stated, Salvatore J. La Barca, upon his personal guaranty, and Holiday Inn Express, for unjust enrichment, and awarded plaintiff the principal sum of $8,589.68. Additionally, the court granted summary judgment against Phase Mechanical and Salvatore J. La Barca for attorney's fees not to exceed $5,945, but the amount of attorney's fees was not to be determined until after the trial against the remaining defendants.
Contrary to defendants' contention on appeal, although there is no written agreement executed by the parties regarding the particular project to repair and install a gas booster pump at a Holiday Inn Express, plaintiff established its prima facie entitlement to judgment as a matter of law on its breach of contract cause of action against Phase Mechanical. Here, an implied-in-fact contract exists, as evidenced by the "Application for Open Credit Account" executed by Phase Mechanical's office manager and the affidavit of plaintiff's president attesting that plaintiff had been hired by that defendant to perform that work, that it had fully performed the work to that defendant's satisfaction, and that plaintiff had not been paid.
Additionally, plaintiff established its prima facie entitlement to judgment as a matter of law against Phase Mechanical upon the cause of action based upon an account stated by tendering evidence that it had generated an account statement for Phase Mechanical, that it had mailed, faxed and emailed the statement to that defendant, and that that defendant had accepted and retained the statement for a reasonable period of time without objection (see Joseph W. Ryan, Jr., P.C. v Faibish, 136 AD3d 984, 985 [2016]; American Express Centurion Bank v Gabay, 94 [*3]AD3d 795 [2012]; American Express Centurion Bank v Williams, 24 AD3d 577 [2005]).
Plaintiff also established its prima facie entitlement to judgment as a matter of law against Salvatore J. La Barca by demonstrating that he had personally and unconditionally guaranteed payment of Phase Mechanical's obligations, that Phase Mechanical had defaulted on its obligations under the agreement, and that La Barca had defaulted on his obligations under the guaranty (see North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d 701 [2008]; Suffolk County Natl. Bank v Columbia Telecom. Group, Inc., 38 AD3d 644 [2007]).
While Phase Mechanical and La Barca contend that they should not be held liable for attorney's fees, the provisions contained in the credit agreement and the personal guaranty expressly provide for the recovery of attorney's fees. Consequently, the portion of the order that granted plaintiff summary judgment finding Phase Mechanical and La Barca liable for attorney's fees should not be disturbed (see Traiman v United States Life Ins. Co. in City of NY,139 AD3d 713 [2016]). As to the amount of attorney's fees, no determination had been made by the court, as the order directed that the amount will be subject to a determination at a trial against the remaining defendants, and apportioned accordingly amongst the defendants. Hence, we do not pass upon the issue of the amount of the attorney's fees, as it is premature and seeks an advisory opinion regarding the method the trial court should adopt in determining the amount of said fees.
Plaintiff failed to establish its prima facie entitlement to summary judgment on its cause of action to recover damages for unjust enrichment against Holiday Inn Express. "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated" (J.P. Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d 976, 977 [2016]). "There can be no enrichment that is unjust where there is no relationship that causes reliance or inducement" (id.). Plaintiff failed to show that it had been working for Holiday Inn Express when it had performed its work resulting in the alleged unjust enrichment (see Sears Ready Mix, Ltd. v Lighthouse Mar., Inc., 127 AD3d 845 [2015]). Moreover, there was no evidence to support a finding that Holiday Inn Express had taken any action to induce plaintiff to believe that defendant would pay plaintiff for its services (see J.P. Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d at 977).
Accordingly, the order is modified by deleting the provision thereof granting the branch of plaintiff's motion seeking summary judgment against defendant Holiday Inn Express and awarding plaintiff the sum of $8,589.68 plus interest, costs and disbursements as against it and substituting therefor a provision denying that branch of plaintiff's motion.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2018