Ryan v Guadagnino (2026 NY Slip Op 01390)

Ryan v Guadagnino

2026 NY Slip Op 01390

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-00440
 (Index No. 100025/17)

[*1]Thomas Ryan, appellant, et al., plaintiff,
vVincent Guadagnino, Jr., et al., defendants, Michael Pugliese, et al., respondents.

Thomas Ryan, Staten Island, NY, appellant pro se.
Allyn J. Crawford Law PLLC, Staten Island, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiff Thomas Ryan appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated December 16, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Michael Pugliese, High Rock Development, LLC, Pugliese Construction Corp., and Anthony Pugliese which was for summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against them and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted by the plaintiff Thomas Ryan against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against, among others, the defendants Michael Pugliese, High Rock Development, LLC, Pugliese Construction Corp., and Anthony Pugliese (hereinafter collectively the defendants), inter alia, to recover damages for unjust enrichment. The plaintiffs alleged, among other things, that the defendants misappropriated and encroached upon a portion of the plaintiffs' real property during the defendants' construction of single-family houses on land adjacent to and abutting the plaintiffs' property and that the defendants were unjustly enriched thereby. Thereafter, the defendants moved, inter alia, for summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against them. The plaintiffs cross-moved, among other things, for summary judgment on the issue of liability on the cause of action alleging unjust enrichment insofar as asserted against the defendants. In an order dated December 16, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against them and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on the cause of action alleging unjust enrichment insofar as asserted by the plaintiff Thomas Ryan against the defendants. Thomas Ryan appeals.
"'To establish an unjust enrichment cause of action, a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered'" (Clarke v Clarke, 237 AD3d 1039, 1041, quoting Dee v Rakower, 112 AD3d 204, 213). "To prevail, the proponent of the cause of action must establish that it conferred a benefit on the other party and that the other party will retain that benefit without adequately compensating the first party therefor" (Maple Med., LLP [*2]v Scott, 191 AD3d 81, 103; see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516; Nasca v Greene, 216 AD3d 648, 650). "In addition, a cause of action for unjust enrichment requires a showing of reliance and is based on an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Financial Assistance, Inc. v Graham, 191 AD3d 952, 956-957 [citation and internal quotation marks omitted]). While "privity is not required for an unjust enrichment cause of action . . . , an unjust enrichment cause of action will not be supported if the connection between the parties is too attenuated" (Bashian & Farber, LLP v Syms, 173 AD3d 659, 662 [citation omitted]; see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511). Further, "'an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim'" (KST2 Props., LLC v Pretee Constr. Co., Inc., 192 AD3d 785, 786, quoting Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging unjust enrichment insofar as asserted against them by demonstrating that they did not have a relationship with the plaintiffs that could have caused reliance or inducement on the plaintiffs' part (see Crescimanni v Trovato, 162 AD3d 849, 851; J.P. Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d 976). Moreover, the defendants demonstrated, prima facie, that the unjust enrichment cause of action was duplicative of the plaintiffs' causes of action sounding in tort (see Corsello v Verizon N.Y., Inc., 18 NY3d at 790). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against them and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted by Thomas Ryan against the defendants.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court