■ DAIRY HERD MANAGEMENT CORPORATION et al., Respondents, v GLENN A. GOODWIN, SR., Appellant. (And Another Related Action.)—Levine, J. Appeal from an order of the

Supreme Court (Cobb, J.), entered September 21, 1987 in Columbia County, which, *inter alia,* granted plaintiffs' motion to release a replevin undertaking which they had previously filed.

Plaintiffs are the owners of a herd of dairy cattle which had been placed on a farm owned by defendant. Plaintiffs have sued defendant to recover the animals and for monetary damages. After the action was commenced, plaintiffs obtained a replevin order from Supreme Court which was conditioned upon the filing of a $15,000 undertaking. After plaintiffs had posted the necessary undertaking and regained possession of the herd, defendant served his amended answer and counterclaim. In his pleadings defendant alleged that plaintiffs had agreed to lease his farm and employ him as the operator of the farm. Accordingly, defendant, by his counterclaims, sought to recover unpaid wages and moneys allegedly owed under the farm lease agreement.

Plaintiffs then moved for, *inter alia,* an order canceling their replevin undertaking on the ground that defendant's allegation that he was an employee of plaintiffs was inconsistent with his standing to claim a lien on the herd (Lien Law § 183) and require the filing of a replevin undertaking to protect his possessory interest. In opposition to the motion, defendant submitted only an attorney's affidavit alleging that defendant's pleadings set forth the elements of an animal care contract sufficient to entitle him to a lien under Lien Law § 183. Supreme Court granted plaintiffs' motion, finding that defendant did not claim a possessory interest in the herd, or allege that he was a person pasturing or boarding animals so as to be entitled to a lien. Defendant appeals.

Lien Law § 183, entitled "Lien of bailee of animals", provides in pertinent part that "a person keeping a livery stable, or boarding stable for animals, or pasturing or boarding one or more animals * * * has a lien dependent upon the possession upon each * * * animal kept, pastured or boarded by him * * * provided an express or implied agreement is made with the owners * * * for the sum due him for the * * * care, keeping, boarding or pasturing of the animal * * * under the agreement * * * until such sum is paid". We agree with plaintiffs' contention that this statute applies only to persons who provide animal-related services as independent contractors, and that defendant, as an employee of plaintiffs, would have no basis to claim a lien against the herd.

Defendant, by his pleadings, has alleged that plaintiffs hired him to operate the farm at the time they agreed to lease the

farm from him. Furthermore, pursuant to the alleged lease agreement, plaintiffs were obligated to pay all operating expenses of the farm including the real estate taxes, insurance and utilities. Defendant also alleged that plaintiffs were responsible for furnishing all feed for the herd. Based on the foregoing, we conclude that defendant's pleadings unmistakably negate any inference that he provided services for plaintiffs as an independent contractor or bailee such that he was entitled to a lien under Lien Law § 183. Hence, Supreme Court did not err in canceling the replevin undertaking.

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.