■ ROBERT LeBEAU, Appellant, v JEFFREY B. HULSE, Respondent. [721 NYS2d 370] —In an action, *inter alia*, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated February 10, 2000, which granted that branch of the defendant's motion which was to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

For a few months in 1993, the plaintiff was a partner in National Mortgage Consultants (hereinafter NMC), which acquired delinquent mortgage packages from lending institutions. The defendant was the attorney for NMC, and the plaintiff alleged, *inter alia*, that the defendant made false representations to him regarding the manner in which funds he contributed to NMC would be used to purchase assets and how the profits from those assets would be allocated among the partners. The plaintiff terminated his participation in NMC on July 1, 1993, pursuant to a written agreement with the remaining partners. The plaintiff commenced an action in New York County against NMC and his former partners in 1993; however, the defendant was not named as a party in that action. In June 1999, the plaintiff commenced the action at bar, and the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint as barred by the Statute of Limitations.

Contrary to the defendant's contention, the Supreme Court properly considered the allegations in the plaintiff's affidavit which was submitted in opposition to the motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7) and 3016 (b) (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633, 635; CPLR 3211 [c]; *see also, Leon v Martinez*, 84 NY2d 83, 88).

We agree with the Supreme Court that, whether the plaintiff's allegations are viewed as stating a cause of action to recover damages for fraud, breach of contract, or conversion, his claims against the defendant are time-barred. The plaintiff referred to representations which were allegedly made to him before he joined the partnership in April 1993. He conceded

that his contributions were made to NMC, and the assets in which he claimed an ownership interest were purchased more than six years before commencement of this action. He failed to identify any fraudulent conduct that occurred within the statutory period (*see, Lefkowitz v Appelbaum,* 258 AD2d 563). Further, he failed to allege any conduct within the three years preceding commencement of this action that would support a cause of action sounding in conversion (*see, Vigilant Ins. Co. v Housing Auth.,* 87 NY2d 36, 44; *Lawyers' Fund for Client Protection v Gateway State Bank,* 239 AD2d 826, 827).

The plaintiff's contentions regarding the breach of the July 1, 1993, agreement in which he terminated his relationship with NMC do not state a cause of action against the defendant, as he was not a party to that agreement. The plaintiff failed to allege any facts that would establish that there existed, in the six years preceding commencement of this action, the privity between the parties necessary to support a breach of contract cause of action (*see, Outrigger Constr. Co. v Bank Leumi Trust Co.,* 240 AD2d 382).

The plaintiff's remaining contentions are without merit. Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.