■ GUS J. COCCIOLONE, Respondent, v FRANK D. NASTASI, Appellant. [773 NYS2d 452]—

In an action for replevin and to recover damages for the unlawful detention of a horse, the defendant appeals from a judgment of the Supreme Court, Orange County (Williams, J.H.O.), dated December 6, 2002, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $15,000, and dismissed his counterclaims.

Ordered that the judgment is affirmed, with costs.

The plaintiff, an owner, trainer, and breeder of horses, and nonparty "Louis M. Salerno/Questroyal Stable (for Mike Tobin Syndicate manager BELONG TO ME), the owner of a 1995 breeding season to BELONG TO ME as 'Seller' " (hereinafter the Seller), entered into a stallion service contract on April 7, 1995. Pursuant to the contract, the plaintiff's thoroughbred mare, Kilkare Mary, was to be bred with BELONG TO ME for a fee of $4,750 payable when the foal to be produced "[s]tands and nurses." Paragraph 10 of the contract granted to the "Seller and or its Principal" a security interest in the foal to secure the payment due under the contract. It is undisputed that the subject breeding took place in 1995 and the mare foaled in 1996. It is also undisputed that the plaintiff never paid the full amount payable to the seller under the contract. The plaintiff commenced this action when the defendant, a partner in the syndicate that owned BELONG TO ME, took the foal without his permission.

Contrary to the defendant's contention, he did not have a valid security interest in the foal. There was no relationship akin to privity between the plaintiff and the defendant as the latter was not a party to the stallion service contract (*see LeBeau v Hulse,* 280 AD2d 649, 650 [2001]; *Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y.,* 240 AD2d 382, 383 [1997]). Thus, the security interest granted thereunder did not inure to his benefit. In addition, contrary to the defendant's contention, he did not have a valid lien on the foal under Lien Law § 183 since there was no express or implied agreement between him and the plaintiff as is required under the statute. Accordingly, the Supreme Court properly awarded the plaintiff damages based upon the value of the foal as a yearling when it was unlawfully taken from him.

The defendant's remaining contentions are without merit. Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.