Jamaica Bay Riding Academy, Inc. v Metropolitan Equestrian Team, Inc. (2022 NY Slip Op 07062)

Jamaica Bay Riding Academy, Inc. v Metropolitan Equestrian Team, Inc.

2022 NY Slip Op 07062

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07059
 (Index No. 507328/21)

[*1]Jamaica Bay Riding Academy, Inc., appellant,
v
Metropolitan Equestrian Team, Inc., et al., respondents.

Gerard DeCapua, Rockville Centre, NY (Bernard G. Chambers of counsel), for appellant.
Steven F. Goldstein (Gallo, Vitucci & Klar, New York, NY [Yolanda L. Ayala], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A., Rivera, J.), dated September 3, 2021. The order granted that branch of the defendants' motion which was to vacate two liens filed by the plaintiff pursuant to Lien Law § 183 on two of the defendants' horses, and directed the return of the horses and related equipment.
ORDERED that the order is affirmed, with costs.
The plaintiff owns and operates a boarding stable in Brooklyn. The defendant Metropolitan Equestrian Team ( hereinafter MET) is a nonprofit organization providing horseback riding lessons and related educational opportunities to children. MET was founded by the defendant Jane DaCosta who was a former employee of the plaintiff.
The plaintiff and the defendants had a longstanding arrangement by which the defendants boarded their horses at the plaintiff's facility free of boarding costs. In exchange, the plaintiff was permitted to use the defendants' horses for its own operations, such as for riding lessons. The defendants were responsible for paying "charges for medicine, [veterinarian] visits, worming, shoes, etc.," when needed. Following the termination of the parties' agreement, the plaintiff filed liens pursuant to Lien Law § 183 on two of the defendants' horses and provided the defendants with invoices, claiming that the defendants owed expenses from the past year related to the boarding of the two horses.
The plaintiff commenced this action alleging that the defendants breached the parties' agreement, and seeking to recover amounts allegedly due, among other things, for the boarding of the two horses. The defendants moved, inter alia, to vacate the liens. In support of their motion, the defendants submitted, among other things, evidence of the parties' agreement and evidence establishing that they had paid all expenses owed relating to the two horses as of March 2021. In opposition to the motion, the plaintiff submitted only an attorney's affirmation. In an order dated September 3, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion, and [*2]directed the return of the two horses and related equipment. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly concluded that the plaintiff did not have a valid lien on the defendants' horses pursuant to Lien Law § 183. As relevant here, where there is an agreement for the boarding of an animal, and certain conditions are met, Lien Law § 183 gives the boarder a lien on the animal for payment due "for the professional service rendered, care, keeping, boarding or pasturing of the animal." The statute "is in derogation of the common law and must be strictly construed in ascertaining and determining the persons to whom or cases to which it is applicable" (Johanns v Ficke, 224 NY 513, 518). Here, the defendants established that, pursuant to the parties' agreement, they were not required to pay costs for the boarding of the two horses (see generally Cocciolone v Nastasi, 5 AD3d 529, 530). Moreover, the defendants submitted evidence that no outstanding sums were owed for a professional service rendered that might fall within the scope of the statute (see Lien Law § 183; Johanns v Ficke, 224 NY at 518; Dairy Herd Mgt. Corp. v Goodwin, 144 AD2d 870, 872). The plaintiff's opposition to the motion consisted only of the bare affirmation of its attorney, and it submitted no evidence relating to any sums allegedly owed (see generally Zuckerman v City of New York, 49 NY2d 557, 563).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to vacate the two liens, and properly directed the return of the two horses and related equipment.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court