■ MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, Plaintiff-Respondent, v WISE METALS GROUP, LLC, Defendant-Appellant. [798 NYS2d 14]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 4, 2005, which granted plaintiff's motion to dismiss defendant's counterclaims for fraud, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, malpractice, and breach of fiduciary duty, unanimously reversed, on the law, with costs, the motion denied and said counterclaims reinstated.

Defendant Wise engaged the services of plaintiff Merrill Lynch, Pierce, Fenner & Smith to attempt to obtain some $150 million in debt financing. Under the terms of the engagement letter, Merrill Lynch was to act as "financial advisor and exclusive lead and book-running initial purchaser, placement agent or underwriter" in connection with the debt offering. Wise agreed to reimburse Merrill Lynch for expenses incurred, including counsel fees, "whether or not the transactions contemplated by this agreement are consummated." Pursuant to an indemnification provision, Wise agreed that Merrill Lynch would incur no liability arising out of the letter agreement, the transaction or the performance of services contemplated by the agreement, with the exception of acts of bad faith or gross negligence.

Merrill Lynch brought this action to recover its expenses pursuant to the reimbursement provision of the letter agreement. Wise counterclaimed for fraudulent inducement, alleging that Merrill Lynch orally represented that it could obtain the required financing through the issuance of Wise debt securities at an interest rate of between $9^{1}/_{2}\%$ and 10%; that this rate would be attractive to prospective investors; that there was an existing market for the proposed debt securities, to which it had access to place the instruments; and that it had experience with junk bond offerings and knowledge of the market. Wise's first counterclaim asserts that Wise was inexperienced in such matters and relied upon the underwriter's false representations, forgoing alternative financing proposed by Prudential Securities. The counterclaims also state causes of action for negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, malpractice and breach of fiduciary duty.

Supreme Court dismissed the counterclaims, reasoning that the alleged misrepresentations alleged in the first counterclaim amounted only to " 'mere opinions or predictions of future events' " (quoting *Wilsen Assoc. Real Estate Corp. v Pizilly*, 204 AD2d 777, 778 [1994]). The court dismissed the remainder of

the counterclaims based on the agreement's indemnification provision.

In deciding a motion to dismiss directed at the sufficiency of the pleadings (CPLR 3211 [a] [7]), a court must accept their allegations as true, according them the benefit of every favorable inference to determine whether they come within the ambit of any cognizable legal theory (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]; *Hirschhorn v Hirschhorn*, 194 AD2d 768 [1993]). To state a cause of action for fraudulent inducement, it is sufficient that the claim alleges a material representation, known to be false, made with the intention of inducing reliance, upon which the victim actually relies, consequentially sustaining a detriment (*Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-408 [1958]; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 213 [1991]). "An expression or prediction as to some future event, known by the author to be false or made despite the anticipation that the event will not occur, 'is deemed a statement of a material existing fact, sufficient to support a fraud action'" (*Cristallina S.A. v Christie, Manson & Woods Intl.*, 117 AD2d 284, 294-295 [1986], quoting *Channel Master Corp.*, 4 NY2d at 407). Reasonably construed, the first counterclaim alleges that Merrill Lynch represented that a market existed for the proposed debt instruments, knowing that financing could not be obtained under the proposed terms. These allegations are sufficiently detailed to fairly apprise Merrill Lynch of the circumstances constituting the wrong (CPLR 3016 [b]).

The indemnification provision unambiguously limits the liability assumed by Merrill Lynch to losses sustained as the result of bad faith or gross negligence, whether such loss is sustained by a third party or by Wise. If effective, the provision precludes the remainder of the asserted counterclaims. A contract induced by fraud, however, is subject to rescission, rendering it unenforceable by the culpable party (*Sabo v Delman*, 3 NY2d 155, 161 [1957]). Furthermore, a general merger clause such as that contained in the parties' agreement does not operate to bar parol evidence of fraud in the inducement (*id.*); only where the parties expressly disclaim reliance on the particular misrepresentations is extrinsic evidence barred (*Citibank v Plapinger*, 66 NY2d 90, 95-96 [1985]; *First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 471 [1995]). Thus, the indemnification provision is subject to defeasance, and dismissal of the remaining causes of action was premature. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Catterson, JJ.