■ CHARLES G. NURNBERG, Appellant, v HOBO CORPORATION, Formerly Known as STERLING PUBLISHING Co., INC., et al., Respondents. [819 NYS2d 226]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered January 23, 2006, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 11, 2006, which granted defendants' motion for summary judgment, unani-

mously dismissed, without costs, as subsumed in the appeal from the judgment.

A so-called phantom stock agreement afforded plaintiff, a former executive officer for defendants, the right to receive 5% of the $115 million his employer anticipated on the sale of the business, which he did in fact receive. This action for fraud and breach of contract sought a declaration that the release plaintiff signed was invalid and unenforceable, and an additional $457,603.84, representing 5% of his employer's bank indebtedness that the purchaser assumed as part of the sale.

A party asserting fraudulent inducement is required to identify a material representation, known to be false and made with the intention of inducing reliance, and actual reliance resulting in damages (*see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC,* 19 AD3d 273, 275 [2005]). Plaintiff has not identified an issue of fact as to any concealment or misrepresentation. Indeed, the record reveals that plaintiff was provided with voluminous documentation at the time of the transaction, disclosing all pertinent facts, including the bank indebtedness and other liabilities in the ordinary course. He does not deny having received this material. Plaintiff knew of these obligations and was aware that the purchaser was assuming defendants' ordinary course liabilities, including the indebtedness to the bank. Before plaintiff signed the release, he had an opportunity to review documentation that fully described the purchase price, including the assumed debt, but he never investigated this matter further. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.