■ THOMAS A. SBARRA REAL ESTATE, INC., Doing Business as CENTURY 21 SBARRA & WELLS, et al., Respondents, v KATHLEEN A. LAVELLE-TOMKO, Appellant. [921 NYS2d 919]—

Malone Jr., J. Appeal from an order of the Supreme Court (Lebous, J.), entered September 9, 2010 in Broome County, which denied defendant's motion to dismiss the complaint.

In 2007, plaintiffs and defendant, a former employee of plaintiff Thomas A. Sbarra Real Estate, Inc., entered into a settlement agreement by which, among other things, plaintiffs

agreed to discontinue a lawsuit against defendant, and defendant agreed to surrender her real estate broker license and cease acting as a real estate agent. Approximately three years later, plaintiffs commenced this action, alleging that defendant had breached the terms of the settlement agreement by, among other things, obtaining a broker license and acting as a real estate agent. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1). Supreme Court denied the motion and defendant appeals.

"A CPLR 3211 (a) (1) motion 'may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 180 [2008], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Berardino v Ochlan*, 2 AD3d 556, 557 [2003]). Here, in support of her motion, defendant presented the parties' settlement agreement and averred that she had complied with every term contained therein, including the requirement that she "surrender her real estate [broker] license and otherwise cease acting as a real estate agent or broker by September 1, 2007." According to defendant, there is nothing in the agreement that prohibits her from regaining her broker license or reentering the work force as a real estate agent or broker. Plaintiffs aver that the absence of a sunset clause in the agreement indicates that defendant was required to permanently surrender her license and permanently cease working as a real estate agent. The parties' conflicting interpretations of the settlement agreement present issues requiring further development. As the proffered documentary evidence does not "resolve[ ] all factual issues as a matter of law, and conclusively dispose[ ] of the plaintiff[s'] claim" (*Trade Source v Westchester Wood Works*, 290 AD2d 437, 438 [2002]), defendant's motion to dismiss the complaint was properly denied.

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.