■ Thomas Cusack, Respondent, v American Defense Systems, Inc., Appellant, et al., Defendants. [927 NYS2d 381]—

To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights (*see Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 919 [2010]). Here, the plaintiff satisfied his prima facie burden of establishing his entitlement to judgment as a matter of law on his fourth cause of action alleging the conversion of 900,000 shares of stock by the defendant American Defense Systems, Inc. (hereinafter ADSI). The evidence the plaintiff presented demonstrated that the shares in ADSI were issued to him as compensation for services rendered as a business and legal consultant and not as inducement to his subsequent employment with ADSI as an executive. This evidence included two letters written contemporaneously with the issuance of the stock, as well as the plaintiff's employment contract with ADSI which, while containing a paragraph relating to inducements, did not mention the receipt of stock. Further, the plaintiff demonstrated that ADSI exercised an unau-

thorized dominion over the stock by refusing to remove a legend restricting its transfer. In opposition to this prima facie showing, the evidence ADSI presented raised only feigned issues of fact (*see Stancil v Supermarkets Gen.*, 16 AD3d 402, 403 [2005]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court properly awarded summary judgment to the plaintiff on his fourth cause of action alleging conversion. Concomitantly, the Supreme Court properly denied, as academic, that branch of ADSI's motion which was for summary judgment on its third counterclaim to rescind the issuance of those shares of stock to the plaintiff, and properly awarded the plaintiff summary judgment dismissing that counterclaim.

However, the Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment on so much of the first cause of action to recover damages for breach of contract as was based on the failure of ADSI to afford the plaintiff a 30-day cure period and the opportunity to make a presentation with counsel before its board of directors. The plaintiff's breach of contract cause of action is inextricably intertwined with ADSI's first and second counterclaims to rescind the contract based on his alleged fraudulent inducement (*see Mix v Neff*, 99 AD2d 180, 183 [1984]). In deciding that branch of the plaintiff's motion for summary judgment on his breach of contract cause of action, the Supreme Court found that an issue of fact existed as to whether the plaintiff fraudulently induced ADSI to offer him employment as an executive when he failed to disclose that he was the subject of a Grievance Committee investigation. If the fact-finder concludes that ADSI was fraudulently induced, then ADSI would be entitled to rescind the contract. The effect of rescission is to declare the contract void from its inception and to put or restore the parties to status quo (*see County of Orange v Grier*, 30 AD3d 556, 557 [2006]; *Dalessio v Kressler*, 6 AD3d 57, 61 [2004]; *Mix v Neff*, 99 AD2d at 182-183). Consequently, if the contract is rescinded, ADSI could not be in breach of it by failing to afford the plaintiff a 30-day cure period and the opportunity to make a presentation with counsel before its board of directors. Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment seeking such relief. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.