■ INTERNATIONAL EXTERIOR FABRICATORS, LLC, Appellant-Respondent, v DECOPLAST, INC., et al., Respondents-Appellants, and EAST COAST WALL, LTD., Respondent, et al., Defendants. [9 NYS3d 662]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from so much of an amended judgment of the Supreme Court, Nassau County (DeStefano, J.), dated July 3, 2013, as, upon, inter alia, the granting of that branch of the motion of the defendant East Coast Wall, Ltd., which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for fraud insofar as asserted against it, made at the close of the plaintiff's case, and a decision of the same court (Warshawsky, J.), dated October 25, 2011, made after a nonjury trial, is in favor of the defendant East Coast Wall, Ltd., and against it dismissing the complaint insofar as asserted against that defendant and awarding that defendant the principal sum of $114,795 on its counterclaim to recover damages for breach of contract, and the defendants Decoplast Inc., Frank DiStefano, and Danielle Destadio cross-appeal from so much of the same judgment as is in favor of the plaintiff and against them jointly and severally in the principal sum of $744,045.57.

Ordered that the amended judgment is modified, on the law, by deleting the provisions thereof dismissing the cause of action alleging fraud insofar as asserted against the defendant East Coast Wall, Ltd., and awarding that defendant the principal sum of $114,795 on its counterclaim to recover damages for breach of contract; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff payable by the defendants Decoplast, Inc., Frank DiStefano, Danielle A. DeStadio, and East Coast Wall, Ltd., that branch of the motion of the defendant East Coast Wall, Ltd., which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for fraud insofar as asserted against it is denied, that

cause of action is reinstated against that defendant, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the cause of action to recover damages for fraud insofar as asserted against the defendant East Coast Wall, Ltd., and on that defendant's counterclaim to recover damages for breach of contract, and for the entry of an appropriate second amended judgment thereafter.

The plaintiff, a contractor, commenced this action alleging, among other things, that the defendant Decoplast, Inc. (hereinafter Decoplast), a manufacturer of exterior coatings, the defendant East Coast Wall, Ltd. (hereinafter East Coast), a contracting company specialized in the installation of exterior finishing systems, and the individual defendants fraudulently induced it to purchase and use plaster that was defective and unsuitable for its intended use. The matter proceeded to a nonjury trial and, at the close of the plaintiff's case, East Coast moved, inter alia, pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for fraud insofar as asserted against it. The Supreme Court granted that branch of East Coast's motion.

After the trial on the remaining causes of action and various counterclaims, the Supreme Court found that the defendants John DiStefano and Frank DiStefano, who owned Decoplast and East Coast, and the defendant Danielle DeStadio, a sales manager for Decoplast (hereinafter collectively the individual defendants), made misrepresentations concerning the components of the plaster and its suitability for exterior use. Additionally, the court found that the individual defendants, when confronted with failures of the plaster on exterior walls, delayed the resolution of the problem by making misrepresentations which convinced the owner of the construction project that East Coast should supervise the continued application of the plaster by the plaintiff. Based on those findings, the Supreme Court concluded that the individual defendants and Decoplast committed fraud, and that the plaintiff was entitled to damages therefor. Moreover, it directed the dismissal of the complaint insofar as asserted against East Coast, and found that East Coast was entitled to recover damages on its counterclaim alleging that the plaintiff breached an agreement to pay for East Coast's supervision and repair work. The Supreme Court entered an amended judgment against Decoplast and the individual defendants awarding damages to the plaintiff, dismissing the complaint insofar as asserted against East Coast, and awarding East Coast damages on its counterclaim against the plaintiff. The plaintiff appeals, and Decoplast,

Frank DiStefano, and DeStadio cross-appeal, from the amended judgment.

" 'A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Clarke v Phillips*, 112 AD3d 872, 874 [2013], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). " 'In considering the motion, the trial court must afford the party opposing the motion every inference which may be properly drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Clarke v Phillips*, 112 AD3d at 874, quoting *Miller v Bah*, 74 AD3d 761, 763 [2010]; *see Metropolitan Enters. NY v Khan Enter. Constr., Inc.*, 124 AD3d 609 [2015]).

" 'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages' " (*McMorrow v Angelopoulos*, 113 AD3d 736, 739-740 [2014], quoting *Fromowitz v W. Park Assoc., Inc.*, 106 AD3d 950, 951 [2013]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). "A contract induced by fraud . . . is subject to rescission, rendering it unenforceable by the culpable party" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]; *see Cusack v American Defense Sys., Inc.*, 86 AD3d 586, 588 [2011]).

Viewing the facts presented in the light most favorable to the plaintiff, as the nonmoving party, we conclude that the plaintiff established, prima facie, that East Coast's owners, John DiStefano and Frank DiStefano, knowingly made material misrepresentations of fact intended to induce reliance thereon, and that the plaintiff relied upon the representations, sustaining damages (*see generally Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559). The plaintiff's evidence established that, at a meeting held on March 19, 2008, the plaintiff's vice president proposed that the plaster supplied by Decoplast, which goes by the trade name "Pietra," should be replaced with another product in light of problems experienced with the Pietra plaster. In response, the individual defendants represented, among other things, that they and the manufacturer had used and tested the product, and that they knew that it was suitable for the plaintiff's use, as long as it was properly applied. The plaintiff's evidence demonstrated that the individual defendants did not possess any test results from

the manufacturer, and never conducted any tests on the product themselves. As a result of the individual defendants' misrepresentations at the meeting, the plaintiff engaged East Coast to supervise its continued use of the Pietra product, and sustained damages when it had to remove the plaster, which continued to delaminate from the walls.

The Supreme Court should have denied that branch of East Coast's motion, made at the close of the plaintiff's case, which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for fraud insofar as asserted against it. Furthermore, since East Coast's counterclaim seeking payment from the plaintiff for its supervision and repair services is inextricably intertwined with the cause of action alleging that East Coast committed fraud, the Supreme Court should not have awarded East Coast judgment on its counterclaim (*see Cusack v American Defense Sys., Inc.*, 86 AD3d at 588). Accordingly, it is appropriate to remit this matter to the Supreme Court, Nassau County, for a new trial on the cause of action to recover damages for fraud insofar as asserted against East Coast, and on East Coast's counterclaim to recover damages for breach of contract.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Khan v Kaieteur Constr., Inc.*, 120 AD3d 770, 770 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the facts adduced at trial warranted the Supreme Court's determination, made after the nonjury trial, that the plaintiff met its burden of establishing its cause of action alleging fraud insofar as asserted against Decoplast, Frank DiStefano, and Danielle DeStadio, and we find no reason to disturb that determination. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.