■ ZEFA RUDOVIC, Respondent, v LUIGI RUDOVIC et al., Appellants. [16 NYS3d 856]—

In an action, inter alia, to recover damages for conversion, unjust enrichment, embezzlement, and fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated December 19, 2013, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5), or alternatively, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Zefa Rudovic, commenced this action against his brother Luigi Rudovic (hereinafter the defendant Rudovic), Lula Rudovic, the wife of the defendant Rudovic, and Leo and Laura, LLC, their company (hereinafter collectively the defendants), involving a dispute over an apartment building in New Rochelle. This action was commenced after the defendant Rudovic commenced an action in the parties' homeland of Montenegro against the plaintiff involving a land dispute in that country (hereinafter the Montenegro action). The brothers entered into an agreement in the Montenegro action, which included provisions stating that "the complaint which was brought by [the plaintiff] against [the defendant Rudovic] in

the US is withdrawn" and the plaintiff "will authorize his brother at this Court and in the presence of a Notary Public to withdraw his claim in the US once the attorney's expenses and services have been settled" (hereinafter the Montenegro agreement).

On August 6, 2013, the attorneys for the parties in this action signed a stipulation of discontinuance, which was filed that day with the county clerk. On that same day, the parties appeared before the Supreme Court in the action and, when counsel for the plaintiff informed the court that the parties had a stipulation of discontinuance to "hand up" to the court, the plaintiff interrupted him by informing the court that counsel did not represent him, that counsel did not have the authority to sign the stipulation, and that counsel was "cheating on [him]" and "work[ing] on behalf of the defendant." The plaintiff told the court that he wanted the matter to proceed to a jury trial and needed time to find a new attorney. After hearing from both the plaintiff and his attorney about the matter, the court, in effect, granted the plaintiff's oral application to vacate the stipulation of discontinuance and postponed the trial for 60 days to allow the plaintiff time to retain a new attorney. At that time, the defendants' counsel did not object and indicated, in response to the plaintiff's contention that he wanted a jury trial, that he had a copy of the Montenegro agreement and that no jury demand had been filed with the note of issue. The court then relieved counsel for the plaintiff, set the next court date, and advised the plaintiff that, on that next court date, the plaintiff's new counsel would have to explain why the plaintiff would be entitled to a jury trial at this "late stage."

Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint, or alternatively, for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion. The defendants appeal.

"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010], quoting *Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [2002]; *see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]). Settlement agreements affecting a claim have been held by this Court to be a basis for a CPLR 3211 (a) (1) motion to dismiss where the terms are clear and unambiguous, and conclusively dispose of the matter (*see Malarkey v Piel*, 7 AD3d 681, 681 [2004]; *Laruccia v*

*Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn*, 295 AD2d 321, 321-322 [2002]).

Here, contrary to the defendants' contention, the Montenegro agreement does not conclusively dispose of this matter, because it is not clear from the Montenegro agreement to what extent its terms have been met or whether or what conditions were supposed to have been met before the parties were obligated to withdraw this action. Moreover, the parties have conflicting interpretations of the Montenegro agreement, as to whether it contained any conditions precedent to the withdrawal of this action and, if so, whether such conditions were, in fact, met. Consequently, the Montenegro agreement does not dispose of this action (*see Thomas A. Sbarra Real Estate, Inc. v Lavelle-Tomko*, 84 AD3d 1570, 1571 [2011]).

Pursuant to CPLR 3211 (a) (5), a cause of action may be dismissed "because of . . . collateral estoppel . . . payment, release, [and/or] res judicata." "Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior proceedings against the same party" (*Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 263 [2010]; *see Goldman v Rio*, 104 AD3d 729, 730 [2013]). Under the related doctrine of collateral estoppel, relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action is precluded provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (*see Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]; *Breslin Realty Dev. Corp. v Shaw*, 72 AD3d at 263). Under the circumstances here, the issues involved in this matter have not been brought to a final conclusion. Thus, neither res judicata nor collateral estoppel bars this action (*see Kossover v Trattler*, 82 AD2d 610, 612 [1981]).

A valid release "constitutes a complete bar to an action on a claim which is the subject of the release" (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]). If "the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998], citing *Mangini v McClurg*, 24 NY2d 556, 563 [1969]). Here, the Montenegro agreement is neither clear nor unambiguous, and thus is not a valid release binding the plaintiff to withdraw this action (*see Rotondi v Drewes*, 31 AD3d 734 [2006]).

"A motion pursuant to CPLR 3211 (a) (5) to dismiss a

complaint on the ground of payment may be granted where the documentary evidence establishes the defense of payment as a matter of law" (*Parkoff v Stavsky*, 109 AD3d 646, 647 [2013]). In this case, there is no evidence of any such payment; at best, the Montenegro agreement simply establishes the parties' intentions.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate all triable issues of fact from the case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). As the Montenegro agreement does not eliminate all triable issues of fact, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Accordingly, we need not examine the sufficiency of the plaintiff's opposition papers (*see Poveromo v Town of Cortlandt*, 127 AD3d 835 [2015]).

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5), or alternatively, for summary judgment dismissing the complaint.

The defendants' remaining contention regarding the vacated stipulation of discontinuance is not properly before this Court (*see Buck Realty of Long Is., Inc. v Elliott*, 106 AD3d 768, 768 [2013]; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561, 561 [1986]).

We decline the plaintiff's request for the imposition of sanctions (*see* 22 NYCRR 130-1.1). Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.