Rudovic v Rudovic (2021 NY Slip Op 00445)





Rudovic v Rudovic


2021 NY Slip Op 00445


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-02284
 (Index No. 6756/11)

[*1]Zefa Rudovic, appellant, 
v
Luigi Rudovic, et al., respondents.


Bogan Law Group, LLC, New York, NY (Mary Elizabeth Bogan and Predrag Filipovic, pro hac vice, of counsel), for appellant.
Mitchell Pollack & Associates, PLLC, Tarrytown, NY (Eileen M. Burger of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment and fraud, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Linda S. Jamieson, J.) , entered January 20, 2017. The judgment, upon a decision of the same court dated December 22, 2016, made after a nonjury trial, is in favor of the defendants and against the plaintiff in the principal sum of $186,342.79.
ORDERED that the judgment is affirmed, with costs.
This is the second time this case is before us. The plaintiff and the defendant Luigi Rudovic (hereinafter Luigi) are brothers. They inherited substantial parcels of land in their native Montenegro from their father and uncle, and owned all of the inherited land equally. In or about August 2007, the plaintiff and Luigi entered into two separate agreements with several buyers for the sale of certain parcels of the jointly owned land in Montenegro, referred to at trial as the "Sterling" and "Icelanders" transactions.
In March 2011, the plaintiff commenced this action, alleging that he and Luigi entered into an oral agreement pursuant to which each would contribute funds in equal amounts toward the purchase of real estate in the State of New York for investment purposes, to which end the plaintiff allegedly effectuated various wire transfers of funds to Luigi and the defendant Lula Rudovic (hereinafter Lula), Luigi's wife. The plaintiff asserted, inter alia, causes of action to recover damages for unjust enrichment and fraud, alleging that Luigi and Lula used the funds to purchase certain real estate in New Rochelle without sharing the benefit thereof with him.
The defendants joined issue and asserted counterclaims to recover damages, among other things, for unjust enrichment, alleging, inter alia, that the plaintiff owed Luigi the sum of approximately $181,000 from the Sterling and Icelanders transactions. In January 2013, the plaintiff and Luigi settled their dispute in Montenegro and entered into an agreement, which included provisions stating that "the complaint which was brought by [the plaintiff] against [the defendants] in the US is withdrawn" and the plaintiff "will authorize his brother at this Court and in the presence of a Notary Public to withdraw his claim in the US once the attorney's expenses and services have [*2]been settled" (hereinafter the Montenegro agreement).
In August 2013, the attorneys for the parties executed a stipulation of discontinuance of this action. The Supreme Court subsequently, in effect, granted the plaintiff's oral application to vacate the stipulation of discontinuance. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint, or alternatively, for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion, and this Court affirmed (see Rudovic v Rudovic, 131 AD3d 1225).
At the ensuing nonjury trial, the parties stipulated, inter alia, that the plaintiff sent Luigi and Lula bank wires totaling the sum of $2,054,000, less the applicable transaction/conversion fees paid by them. Upon completion of the trial, the Supreme Court found that the plaintiff should have discontinued this action in accordance with his obligations under the Montenegro agreement, and that, in any event, he failed to prove, by a preponderance of the evidence, his causes of action for unjust enrichment and fraud. The court further found that the defendants met their burden on their counterclaims to recover damages, inter alia, for unjust enrichment and awarded them the principal sum of $186,342.79. The plaintiff appeals.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (J.P.Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d 976, 976-977; see Beaman v Awaye Realty Mgt., LLC, 176 AD3d 1025, 1025).
Contrary to the plaintiff's contention, we did not determine in the prior appeal that the Montenegro agreement was legally insufficient to conclusively dispose of this matter. Rather, we determined only that there were triable questions of fact in that regard (see Rudovic v Rudovic, 131 AD3d at 1227). The trial has now occurred, and we agree with the Supreme Court's determination that the plaintiff should have discontinued this action against the defendants in accordance with his obligations under the Montenegro agreement. In any event, we see no reason to disturb the court's determination regarding the plaintiff's causes of action.
To recover for unjust enrichment, a plaintiff must show that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (see Demetriades v Kalpakis, 155 AD3d 999, 1000; J.P. Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d at 977). "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (International Exterior Fabricators, LLC v Decoplast, Inc., 128 AD3d 1016, 1018 [internal quotation marks omitted]). Fraud must be proved by clear and convincing evidence, which "has been defined as proof that makes it highly probable that the alleged activity actually occurred" (Matter of Ferreyra v Arroyo, 35 NY3d 127, 128 [internal quotation marks omitted]).
Here, the plaintiff failed to meet his burden of proof with respect to his causes of action. Regarding the defendants' counterclaims, the defendants proved, by a preponderance of the evidence, that Luigi was owed money from the Sterling and Icelanders transactions, as the evidence adduced at trial established that the proceeds from those transactions were to be equally divided between the brothers. The plaintiff's reliance on the statute of frauds to exclude from the calculation of the monies due Luigi the proceeds from the Icelanders transaction is misplaced, as the defendants' counterclaims were not an attempt to enforce an oral agreement to acquire an interest in real property (see General Obligations Law § 5-703).
The parties' remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court