Rosado v K & Y Mgt. Corp. (2023 NY Slip Op 00122)

Rosado v K & Y Mgt. Corp.

2023 NY Slip Op 00122

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-13507
 (Index No. 507580/15)

[*1]Juan Rosado, et al., respondents,
v
K & Y Management Corp., appellant.

Avi Rosenfeld, Lawrence, NY, for appellant.

DECISION & ORDER
In an action, inter alia, for a judgment declaring a deed dated August 30, 2012, null and void, the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Carl J. Landicino, J.), dated October 17, 2019. The interlocutory judgment, made after a nonjury trial, inter alia, declared that the plaintiffs were the rightful owners of the subject property, and that the deed dated August 30, 2012, was null and void.
ORDERED that the interlocutory judgment is affirmed, without costs or disbursements.
In June 2015, the plaintiffs commenced this action, inter alia, for a judgment declaring a deed dated August 30, 2012, null and void. The evidence adduced at the subsequent trial established that the defendant represented itself as a broker who could negotiate a short sale on behalf of the plaintiffs, whose mortgages on the subject property were in foreclosure. On August 30, 2012, the defendant's principal presented the plaintiff Juan Rosado with papers to sign for a short sale, including a deed. Juan Rosado's mother, the plaintiff Juana Rosado, "followed [his] lead" and also signed the papers. According to Juan Rosado, the defendant's principal told the plaintiffs to vacate the premises in preparation for the short sale and gave them $7,000 as moving expenses. The documents signed by the plaintiffs included a deed to the subject property dated August 30, 2012. When asked at trial if he was informed that a short sale was not guaranteed, Juan Rosado testified that he was told "they do that all the time; that he'll get it done." However, no payments were made on the mortgages, and there was no evidence that the defendant ever attempted to arrange a short sale.
The defendant's sole witness was a nonparty with limited knowledge of the events in question or of the terms of the parties' contractual relationship, which was never reduced to writing.
The Supreme Court determined that the plaintiffs established a fiduciary relationship by clear and convincing evidence and were thus entitled to the imposition of a constructive trust. The court further found that the plaintiffs established fraud, in that the defendant represented that it would help them negotiate a short sale, but took title to the subject property without ever attempting a short sale. The court thus issued an interlocutory judgment on October 17, 2019, inter alia, declaring that the plaintiffs were the rightful owners of the subject property, and that the deed dated August 30, 2012, was null and void. The defendant appeals. We affirm.
"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of [*2]seeing the witnesses" (Fernandez v State of New York, 130 AD3d 566, 566, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Where a deed is executed based upon fraud, mistake, or misplaced confidence, it is voidable (see Faison v Lewis, 25 NY3d 220, 225). "A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages" (Da Silva v Champ Constr. Corp., 186 AD3d 452, 454; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). In this case, the evidence adduced at trial established that the defendant falsely represented that it would serve as a broker for a short sale, that it did so with knowledge of the falsity and an intent to induce reliance, that the plaintiffs justifiably relied on that misrepresentation, and that the plaintiffs conveyed their property to the defendant as a result.
The instant action which was commenced in June 2015, challenged a transfer of title which was recorded in September 2012, more than two years earlier. Therefore, to the extent the plaintiffs asserted a cause of action to void the transaction or for rescission pursuant to Real Property Law § 265-a for theft of equity, that cause of action was not timely interposed (see Real Property Law § 265-a[8]; Abdulayev v Yadgarov, 105 AD3d 877). However, the elements of common-law fraud, with a six-year statute of limitations (see CPLR 213[8]), were established, and the Supreme Court so found. Therefore, any error in the court's discussion of Real Property Law § 265-a did not affect the outcome of the trial, and was harmless (see Andrew Carothers, M.D., P.C. v Progressive Ins. Co., 150 AD3d 192, 204, affd 33 NY3d 389).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court