CANBE Props., LLC v Curatola (2024 NY Slip Op 02296)

CANBE Props., LLC v Curatola

2024 NY Slip Op 02296

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2019-12654
2022-04302
 (Index No. 504879/16)

[*1]CANBE Properties, LLC, respondent, 
v
Catherine Curatola, as executrix of the estate of Carl J. Fodera, defendant-appellant, et al., defendant; Rubino Revocable Trust, as assignee of Catherine Curatola, as executrix of the estate of Carl J. Fodera, nonparty-appellant.

Barnes & Barnes, P.C., Melville, NY (Leo K. Barnes, Jr., and Anthony J. Menna of counsel), for defendant-appellant and nonparty-appellant.
Rivkin Radler LLP, Uniondale, NY (Merril S. Biscone, Cheryl F. Korman, and Mark N. Antar of counsel), for respondent.
In an action, inter alia, to recover damages for fraudulent inducement, the defendant Catherine Curatola, as executrix of the estate of Carl J. Fodera, and nonparty Rubino Revocable Trust, as assignee of Catherine Curatola, as executrix of the estate of Carl J. Fodera, appeal from (1) a decision of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated September 4, 2019, and (2) a judgment of the same court dated May 9, 2022. The judgment, upon the decision, made after a nonjury trial, is in favor of the plaintiff and against the defendant Catherine Curatola, as executrix of the estate of Carl J. Fodera, in the total sum of $310,917.50, and, in effect, dismissing the counterclaims of that defendant.

DECISION & ORDER
By order to show cause dated May 27, 2022, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the decision on the ground that no appeal lies from a decision. By decision and order on motion of this Court dated March 8, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the decision is granted; and it is further,
ORDERED that the appeal from the decision is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The motion to dismiss the appeal from the decision must be granted, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510).
On June 8, 2015, the plaintiff entered into an agreement with Carl J. Fodera (hereinafter the decedent) to purchase a 50% interest in each of three companies owned by the decedent. Pursuant to the agreement, the decedent represented that "[a]ll creditors of [the three companies] shall be current at time of closing," which was held on the same date as the agreement. In accordance with the agreement, the plaintiff made a payment of $250,000 and delivered a promissory note in the principal amount of $1,250,000 to the decedent at the closing on June 8, 2015.
In March 2016, the plaintiff commenced this action, inter alia, to recover damages for fraudulent inducement and to cancel the promissory note. The plaintiff alleged that it was fraudulently induced into entering into the agreement by the decedent's misrepresentation that all creditors of the three companies were current as of the time of closing, and that the three companies actually had outstanding balances owed to creditors as of that date. In her answer, the defendant Catherine Curatola, as executrix of the estate of Carl J. Fodera (hereinafter the defendant), asserted counterclaims alleging breach of the promissory note.
In May 2019, the defendant assigned all of her rights and interests in the promissory note to nonparty Rubino Revocable Trust, as assignee of Catherine Curatola, as executrix of the estate of Carl J. Fodera (hereinafter Rubino).
In a decision dated September 4, 2019, made after a nonjury trial, the Supreme Court found, inter alia, that the plaintiff established that the decedent made material misrepresentations of presently existing facts, which were known by him to be false when made, for the purpose of inducing the plaintiff to enter into the agreement, and that the plaintiff justifiably relied upon the material misrepresentations of fact, causing it to pay the sum of $250,000. Consequently, the court found that rescission of the agreement and cancellation of the promissory note issued in accordance with the agreement were warranted. The court entered a judgment dated May 9, 2022, in favor of
the plaintiff and against the defendant in the total sum of $310,917.50, and, in effect, dismissing the defendant's counterclaims. The defendant and Rubino (hereinafter together the appellants) appeal.
In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses (see Matter of State of New York v Benjamin M., 199 AD3d 690, 691).
To recover damages for fraudulent inducement, a plaintiff must prove "(1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d 808, 812 [internal quotation marks omitted]; see Feldman v Byrne, 210 AD3d 646, 648-649). Here, the record supports the Supreme Court's determination that the decedent misrepresented a material fact as to whether his companies had outstanding debt at the time of closing, which he knew to be false, for the purpose of inducing the plaintiff to enter into the subject agreement, and that the plaintiff justifiably relied upon that misrepresentation, causing it to sustain damages (see Rosado v K & Y Mgt. Corp., 212 AD3d 677, 678).
Contrary to the appellants' contention, the disclaimers in the agreement did not warrant a determination that the plaintiff did not justifiably rely upon the misrepresentation, as the decedent did not specifically disclaim the provision in the agreement representing that "[a]ll creditors of [the three companies] shall be current at time of closing" (see Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc., 119 AD3d 136, 143; Basis Yield Alpha Fund [Master] v Goldman [*2]Sachs Group, Inc., 115 AD3d 128, 137). Moreover, the decedent had peculiar knowledge of the underlying fraud (see Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc., 119 AD3d at 143).
Furthermore, contrary to the appellants' contention, the Supreme Court properly determined that the plaintiff was entitled to cancellation of the promissory note based upon the decedent's breach of the agreement, as the note and the subject agreement were "inextricably intertwined" as part of the same transaction (Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1080 [internal quotation marks omitted]).
The appellants' remaining contentions are without merit.
Accordingly, the Supreme Court properly awarded the plaintiff the total sum of $310,917.50, and, in effect, dismissed the defendant's counterclaims.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court