Miranti v Ben-Zaken
2026 NY Slip Op 02978
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Raymond Miranti, appellant,
v
Yair Ben-Zaken, et al., respondents, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2020-05561, (Index No. 604685/17)
Lara J. Genovesi, J.P.
Linda Christopher
Lillian Wan
Donna-Marie E. Golia, JJ.

White, Cirrito, Nally & Lynch, LLP (Wolfe & Yukelson, PLLC, New York, NY [Bruce Yukelson], of counsel), for appellant.
Law Office of Allison M. Furman, P.C., New York, NY, for respondents.

[*1]
DECISION & ORDER
In an action for a judgment declaring that the plaintiff possesses a 50% membership interest in the defendant 3231 Associates, LLC, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered June 26, 2020. The judgment, upon a decision of the same court dated May 4, 2020, made after a nonjury trial, is in favor of the defendants Yair Ben-Zaken and 3231 Associates, LLC, and against the plaintiff on those defendants' fifth and sixth counterclaims declaring that the defendant Yair Ben-Zaken holds 100% of the membership interests in the defendant 3231 Associates, LLC, and that the plaintiff holds no membership interest in the defendant 3231 Associates, LLC, and, in effect, dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
The plaintiff and the defendant Yair Ben-Zaken formed the defendant 3231 Associates, LLC (hereinafter the LLC), to purchase certain commercial property. Approximately two years after the closing of title on the property, Yair Ben-Zaken severed ties with the plaintiff and claimed that the plaintiff did not have any membership interest in the LLC. The plaintiff commenced this action against Yair Ben-Zaken, the LLC, and another defendant, alleging fraudulent misrepresentation and for a judgment declaring that the plaintiff possesses a 50% membership interest in the LLC. Yair Ben-Zaken and the LLC interposed an answer asserting, inter alia, counterclaims for a judgment declaring that Yair Ben-Zaken is the sole owner of the LLC (fifth and sixth counterclaims). Following a nonjury trial, the Supreme Court issued a decision dated May 4, 2020, finding in favor of Yair Ben-Zaken and the LLC on those counterclaims. Thereafter, on June 26, 2020, the court entered a judgment, upon the decision, in favor of Yair Ben-Zaken and the LLC and against the plaintiff on the fifth and sixth counterclaims declaring that the defendant Yair Ben-Zaken holds 100% of the membership interests in the LLC and that the plaintiff holds no membership interest in the LLC, and, in effect, dismissing the amended complaint insofar as asserted against Yair Ben-Zaken and the LLC. The plaintiff appeals from the judgment.
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Rudovic v Rudovic, 190 AD3d 997, [*2]999 [internal quotation marks omitted]; see Matter of Hersh, 198 AD3d 766, 770-771; International Exterior Fabricators, LLC v Decoplast, Inc., 128 AD3d 1016, 1018). "Fraud must be proved by clear and convincing evidence, which 'has been defined as proof that makes it highly probable that the alleged activity actually occurred'" (Rudovic v Rudovic, 190 AD3d at 999, quoting Matter of Ferreyra v Arroyo, 35 NY3d 127, 128). "'A contract induced by fraud . . . is subject to rescission, rendering it unenforceable by the culpable party'" (International Exterior Fabricators, LLC v Decoplast, Inc., 128 AD3d at 1018, quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC, 19 AD3d 273, 275).
"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Rosado v K & Y Mgt. Corp., 212 AD3d 677, 678 [internal quotation marks omitted]; see Matter of Hersh, 198 AD3d at 770-771; Rudovic v Rudovic, 190 AD3d at 998). "'[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, . . . deference is owed to the trial court's credibility determinations'" (Matter of Hersh, 198 AD3d at 771, quoting Melville Capital, LLC v Gugick, 144 AD3d 999, 1000).
Here, in light of the evidence adduced at trial and according the Supreme Court's credibility determinations due deference, there is no basis to disturb the court's determinations (see Rimberg v Horowitz, 206 AD3d 832, 834; Davis v Khani, 202 AD3d 1046, 1047).
GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court